## CITY OF FORT WORTH v. L. W. CRAWFORD.

### (Case No. 5377.)

1. NEGLIGENCE — MUNICIPAL CORPORATIONS. — If a municipal corporation creates or fails to remove a nuisance, and such nuisance arises from acts done exclusively in the interest of the public, such as the improvement of the sanitary condition of the city, the corporation is liable only for a careless or negligent execution of the duty. But if the injury arises from acts done for the private advantage or emolument of the corporation, it is liable, irrespective of the question of negligence.

ERROR from Tarrant. Tried below before the Hon. A. J. Hood.

Suit begun in the district court of Tarrant county against the city of Fort Worth, to recover damages for wrongfully and unjustly casting, carrying and depositing, by defendant, and causing to be cast, carried and deposited, on ten acres of land, in possession of the city of Fort Worth, great quantities of filth, dirt, gravel, refuse material, matter discharged from privies, water closets, stables, sinks and streets, dead carcasses of animals, and other noxious materials and ingredients, by reason of which it was alleged the plaintiff's premises were rendered unhealthy, and plaintiff and his wife and children were made sick, afflicted with pain and suffering of mind and body, to their damage $5,000.

Defendant answered on the 14th day of May, 1883, by general exception, special exception, excepting to that part of plaintiff's petition averring that plaintiff's family had been made sick, because it was too remote and speculative; and secondly, because plaintiff's averments as to his health having been impaired and cause of damage were too remote; also by a plea of not guilty; and by a further plea denying that it ever caused the filthy matter to be

placed upon any ground or land, near or adjoining the plaintiff's land or dwelling, in an offensive manner; but alleged that, by its ordinance, it prohibited any such offense being committed within the corporate limits of the city, and that, if any such injury was committed, it was done without authority and against the consent of the defendant.

Verdict and judgment for plaintiff for $1,833.

*Jas. W. Swayne*, for plaintiff in error, cited: City of Navasota *v.* Pearce, 46 Tex., 535; Keller *v.* Corpus Christi, 50 Tex., 614; Dill. on Mun. Corp., secs. 39 (note 2), 756, 757, 761, 778, 779; Hafford *v.* City of New Bedford, 16 Gray, 302; Fisher *v.* Barton, 104 Mass., 87; Peck *v.* City of Austin, 22 Tex., 261; Gilmer *v.* Limepoint, 18 Cal.

*M. D. Priest* and *Carter & Wynne*, for defendant in error, cited: Special Acts of Legislature of 1873, p. 47; City of Galveston *v.* Barham, vol. 4, No. 8, Texas L. R., p. 126; City of Galveston *v.* Posnainsky, 4 Texas L. R.; City of Dallas *v.* Ross, vol. 4, No. 10, p. 146, Texas L. R.; City of Aurora *v.* Reed, 11 Am. Rep., 1; Hardy *v.* City of Brooklyn, 43 Am. Rep., 183, 184; Graves *v.* City of Fort Wayne, 15 Am. Rep., 262; Wood on Nuisances, p. 780, § 744; Thurston *v.* City of St. Joseph, 51 Mo., 11; Moak & Underhill on Torts, 241; Cooley on Torts, pp. 619–625; 20 Am. Rep., 175, 626, 629; Mills *v.* Brooklin, 32 N. T., 489; 25 Wis., 226; 47 Ga., 268; 11 Am. Rep., 463; 44 Tex., 418; 1 Dill. on Mun. Corp., p. 39; 2 Dill. on Mun. Corp., 756; Const. 1876, art. 1, sec. 17; G., C. & S. F. R'y Co. *v.* Eddins, 60 Tex., 656; G., C. & S. F. R'y Co. *v.* Groves, White & Willson's Civil Cases, 579; Belt Line St. R'y Co. *v.* Crabtree, decided by the court of appeals at present term; 24 Am. Rep., 553; Elgin *v.* Eaton, 83 Ill., 535; 25 Am. Rep., 412; Nevins *v.* Peoria, 41 Ill., 502; Aurora *v.* Gillett, 57 Ill., 29; Dixon *v.* Baker, 65 Ill., 518; Alton *v.* Hope, 68 Ill., 167; Slack *v.* East St. Louis, 85 Ill., 377; Pekin *v.* Brereton, 67 Ill., 477; Reardon *v.* City (California), Am. Review, May, June, 1885, Pacific Reporter, April 2, 1885.

WATTS, J. COM. APP.— In reference to the liability of municipal corporations for creating or failing to remove a nuisance, this distinction is to be observed: If the nuisance grows out of acts done exclusively in the interest of the public, such as the improvement of the sanitary condition of the city, then it would only be liable for a careless or negligent execution of the duty. But if the acts

out of which the nuisance originated or is continued were done for the private advantage or emolument of the municipal corporation, then, irrespective of the question of negligence, it would be liable for the injuries resulting therefrom. Bailey v. New York, 3 Hill, 531; Oliver v. Worcester, 102 Mass., 489; Pittsburgh v. Grier, 22 Pa. St., 54; Eastman v. Meredith, 36 N. H., 296; Trustees v. Gibbs, 11 H. L. Cases, 687.

From the record it appears that the city authorities established this as a place for the deposit and burial of the bodies of dead animals, garbage, excrement, etc., for the purpose of improving and maintaining the sanitary condition of the city. This was done for and in the interest of the public, and not for the private advantage or emolument of the municipal corporation.

And it also appears that, in establishing this deposit or burial ground, the city council, by appropriate ordinances, provided that all deposits should be buried in ditches from four to six feet deep, and made it a misdemeanor punishable by fine for any person to violate these ordinances. And some diligence upon the part of the city authorities in the enforcement of these ordinances is shown by the evidence.

There is evidence in the record also to the effect that, if these ordinances had been complied with by parties making deposits upon the designated ground, no injury would have resulted to appellee from the maintenance of that as a place of burial and deposit.

Upon the case as made the court instructed the jury that, if the plaintiff in error created and maintained the nuisance, then to find for the defendant in error. This charge does not announce the law applicable to the case made by the evidence. The liability of plaintiff in error depended upon its negligence in the matter, and the court erred in failing to submit that as the test of liability. The other questions are not so presented as to require consideration.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted May 22, 1885.]