### CITY OF COLEMAN V. C. A. PRICE.

Decided February 17, 1909.

**1.—Nuisance—City Dumping Ground—Negligence—Pleading.**

When the maintenance of a city dumping ground for garbage creates a nuisance damaging neighboring property, it is actionable irrespective of negligence, and the insufficiency of allegations of such negligence in maintaining it is immaterial on demurrer.

**2.—City—Disposal of Garbage—Nuisance—Corporate or Government Capacity.**

In maintaining a dumping ground for the disposal of garbage, a city acts in its corporate, as distinguished from its governmental capacity, and is not exempt from liability for damages from a nuisance so created. Authorities on subject discussed.

**3.—Same—Grounds beyond City Limits.**

It is immaterial, as to the liability of a city for creating a nuisance by maintaining dumping grounds for garbage, that same is located beyond the city limits.

**4.—Same—Damages—Permanent Depreciation.**

Evidence considered and held sufficient to support a recovery for depreciation in value of plaintiff's residence property by proximity of city dumping grounds for garbage as being a nuisance permanent in its character.

Appeal from the District Court of Coleman County. Tried below before Hon. Jno. W. Goodwin.

*Snodgrass & Dibrell,* for appellant.—The city of Coleman was not liable for the acts of its mayor, its city council and its other agents in the establishment and maintenance of the dumping grounds, even if damages or injury resulted to the plaintiff, unless the agents of the city were guilty of negligence. City of Ft. Worth v. Crawford, 64 Texas, 202.

In such cases the plaintiff must allege and specially set out acts and circumstances upon which he relies as constituting negligence or carelessness on the part of defendant. Gulf, C. & S. F. Ry. Co. v. Anson, 87 S. W., 875.

*J. C. Randolph,* for appellee.

FISHER, Chief Justice.—This is a suit by the appellee Price against the City of Coleman for damages on account of a nuisance created and maintained by the city in using and maintaining its dumping ground adjacent to appellee's premises for the purpose of depositing thereon dead animals and other refuse matter collected in the city. A verdict and judgment below were in appellee's favor against the city in the sum of $1,000.

The petition of the plaintiff substantially alleges that he is the owner of a certain tract of land near the City of Coleman, upon which he had his residence and other buildings, and that the City of Coleman purchased 8 6-10 acres of land near and adjacent to his premises for use by it and the inhabitants of the City of Coleman as a garbage and dumping ground for the deposit of dead animals and the refuse and filthy matter accumulated in the city, and that the city has since its purchase negligently and without due care used and caused to be used and permitted to be used the tract of land for that purpose, and that from the garbage, filthy matter and dead animals so deposited upon this ground the habitable use of the plaintiff's premises has been injuriously affected, the water in his tank, which he used for domestic purposes and for watering his stock, has been poisoned, and that the nuisance has reduced the value of his premises. He alleges the nuisance to be permanent. We find that there is evidence which substantially supports these averments.

The case was tried and disposed of below on the theory that the city could only be held liable in the event it was guilty of negligence in creating or maintaining the nuisance; and, with this theory of the case in view, appellant complains of the action of the court in overruling certain demurrers which attack the petition on the ground of the insufficiency of averments in setting out the facts of negligence relied upon. The petition does, in a general way, allege that the nuisance was created and maintained by and through the negligence of appellant, and sets out certain things done and suffered to be done by the city, from which the nuisance resulted. If it could be conceded that it was necessary for negligence to be shown in order to hold the city liable, we are not prepared to agree with the appellant that the petition was not sufficient in averring that fact. The petition does state that the city negligently, and without due care, used and permitted to be used the land so acquired by it as garbage ground, and then states that such use consists of placing upon it dead animals and other offensive matter, and goes on then to charge what effect this had upon the plaintiff's premises and the habitable enjoyment thereof. But the case as made by the petition, and, for that matter, also by the evidence, goes beyond the question of negligence. The city in its use of the premises created and maintained a nuisance, and that was by a deposit upon its garbage ground of dead animals and other offensive refuse matter adjacent to the plaintiff's premises, which the evidence shows affected the habitable use of the premises and the value thereof, and injured the water in his tank. If this is true, the nuisance arises from the act and not from the manner in which it is done, and if by the averments of the petition an actionable nuisance is alleged, the demurrers were properly overruled, although there was no allegation of negli-

gence, and the city could be held liable, provided the act that occasioned the nuisance arose from some work or duty performed by the city in its private or corporate capacity, as distinguished from the exercise of a governmental function.

It is held in Ostrom v. the City of San Antonio, 94 Texas, 524, that the city in removing garbage and refuse matter from its streets and dumping it upon its garbage grounds selected by it, is engaged, not in a governmental, but a corporate duty, and could be held liable for a willful or negligent performance of that duty which resulted in injury to another. If the city is merely exercising a corporate power, one intended for the private advantage of that locality and its inhabitants, and by its wrongful or negligent conduct inflicts damage, it would be held liable, as would be an individual or private corporation. City of Galveston v. Posnainsky, 62 Texas, 127; City of Ft. Worth v. Crawford, 74 Texas, 407; Ostrom v. City of San Antonio, supra. In the latter case the court, in commenting upon Ft. Worth v. Crawford, 64 Texas, 202, which was finally affirmed in 74 Texas, 406, says: "We can see no difference upon the question of liability between this case and Ft. Worth v. Crawford. If the disposition of garbage, dead animals and the like, in that case had been considered a function of the State government exercised by officers of the municipal corporation, the court could not have held the city liable for the consequences, and the judgment of this court that the city was liable for the nuisance includes the proposition that the acts were done in execution of a corporate power as distinguished from a governmental function." The reference here is apparently to Ft. Worth v. Crawford as first reported in 64 Texas, 202, but the court evidently means and refers to the last report of the case in 74 Texas, 406.

In the Crawford case referred to, 74 Texas, 407-8, the court in effect holds that if the work is for the private advantage of the city it would be liable as an individual for all damages resulting from its acts, irrespective of the question of negligence.

If as so held in the case of Ostrom v. San Antonio, the conduct of the city in a case of this character is for its private or corporate advantage, and it would be liable as would be an individual or a private corporation for the nuisance created by it, or knowingly allowed to continue, its liability would not depend upon whether it was guilty of negligence or the want of ordinary care, but would result from its act in creating the nuisance. This view is fully illustrated in the opinion of this court in Missouri, K. & T. Ry. Co. v. Anderson, 36 Texas Civ. App., 131, in which a writ of error was refused.

This view is very tersely stated by the editor of the notes in the first volume of Dillon on Municipal Corporations (4th ed.), p. 448, where it is stated: "A corporation (meaning a municipal corporation) has no more right to license or maintain a nuisance than an individual would have, and for a nuisance maintained upon its property the liability attaches against a city as against an individual," citing Haag v. County Commissioners of Vanderburgh Co., 60 Ind., 511; Petersburg v. Applegarth, 28 Gratt., 321; Brayton v. Fall River, 113 Mass., 218; Franklin Wharf Co. v. Portland, 67 Me., 46; Harper v. Milwaukee, 30 Wis., 365; Hannibal v. Richards, 82 Mo., 330; 2 Wood on Nui-

sances (3d ed.), pp. 1032, 1033. But a case directly in point, where the question was properly raised, is Markwardt v. City of Guthrie, 9 L. R. A., N. S., 1151. In that case it is insisted that as it was not alleged and shown that the city negligently created and maintained the nuisance, it could not be held liable. The court held that if the act of the city constituted a nuisance injurious to the rights and property of the owner, he could maintain his action, whether the city was guilty of negligence or not.

Therefore, the conclusion must be reached that there was no error in overruling appellant's demurrers.

There is a contention by the appellant substantially to the effect that it could not be held liable in this instance, because the ground or place where the nuisance was created was beyond its city limits. In our opinion this makes no difference: If as a fact it bought the land adjacent to plaintiff's premises upon which to dump its garbage, dead animals and refuse matter, and so used it, and thereby created a nuisance hurtful and injurious to the plaintiff and his property, its liability would result as if the grounds were situated within the corporate limits. There might be some difficulty in the city passing an ordinance regulating the use of the property beyond its corporate limits; but, however, if when engaged in a mere corporate or private duty, it created a nuisance, it must be held liable as would be an individual, although it is unable to regulate the use of its ground by ordinance. It has in its corporate capacity, or the exercise of a corporate function, brought about the hurtful condition, and it is not contended that the city did not have power to create and establish garbage grounds and remove thereto from the city refuse matter.

The court below in its charge submitted to the jury the question whether the injury to the plaintiff's land was permanent or temporary. It is contended by appellant that the evidence was not sufficient to permit the jury to consider the question whether the injury occasioned by the nuisance was permanent. The evidence shows that the lands were bought by the city for the purpose of establishing thereon its garbage and dumping ground, and that it was actually used for that purpose; and the conclusion may be reached from the testimony upon that subject that the purpose of the city is to continue such use, and the facts are of a nature which would justify the conclusion that if the use is continued the plaintiff might, so long as the premises are so used, sustain the same character of damages for which he has sued in this case, and which he alleges and which the proof shows has permanently injured the value of his premises. This question was considered by this court in Missouri, K. & T. Ry. Co. v. Green, 44 Texas Civ. App., 247, and we believe the facts in this case are as strong as the facts there, which we held sufficient to justify the inference or conclusion that the injury to the plaintiff's premises was permanent.

There are a number of assignments of errors raising other questions, all of which we have carefully considered, and are of the opinion that no reversible error is shown.

*Judgment affirmed.*

Writ of error refused.