## CITY OF PARIS V. T. W. JENKINS.

### Decided November 4, 1909.

**1.—City—Dumping Ground—Nuisance—Negligence.**

A city, in maintaining a dumping ground for its garbage, acts in its corporate, as distinguished from its governmental capacity, and is liable for damages to the property of an adjacent proprietor thereby, irrespective of negligence.

**2.—Damages—Nuisance—Temporary or Permanent.**

The measure of damages to the proprietor of land by maintaining a dumping ground for city garbage constituting a nuisance upon adjoining premises, is not the difference in the value of his premises without the nuisance and that with the nuisance maintained and considered as permanent, but the depreciation in its rental value while the nuisance was so maintained, where it consisted, not in injury to the soil, but in offensive odors rendering use of the residence and cultivation of the soil unwholesome and disagreeable, and the nuisance was capable of abatement, and plans were being carried out by the city for decreasing or putting an end to it.

**3.—Nuisance—Damages—Pleading.**

Where plaintiff's pleading seeks recovery for damages to his property only on the basis of its permanent depreciation by an unabatable nuisance, there can be no recovery for mere temporary injury, governed by a different measure of damages.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Edgar Wright,* for appellant.—The charge of the court instructs the jury to find for plaintiff if the establishment and use of the dump grounds near plaintiff's premises injured it, when defendant would only be responsible if it were guilty of negligence in so doing. City of Paris v. Tucker, 93 S. W., 233; Parker v. City Lands, 28 S. W., 1084; San Antonio v. Mackey, 14 Texas Civ. App., 210, and cases cited.

The undisputed evidence showed that, if there was any injury to the plaintiff's premises, same was not a permanent injury, but was a temporary injury, which in its very nature would and could be abated at any time, and the proper measure of damages would be the difference in the rental value of the premises with and without the nuisance. San Antonio v. Mackey, 14 Texas Civ. App., 212; San Antonio v. Mackey,

22 Texas Civ. App., 145; Cane Belt Ry. v. Ridgeway, 38 Texas Civ. App., 108.

There was evidence that the nuisance was temporary, that defendant intended to abate same, and that there was no difference in the rental value of the premises with and without the nuisance, and, if the jury so believed, defendant was entitled to a verdict. Amschild v. City of San Antonio, 69 S. W., 496.

*D. K. Fooshe,* for appellee. (No briefs reached the reporter.)

WILLSON, Chief Justice.—Appellee owned a tract of about thirty-one acres of land, situated about two miles north of the City of Paris. The city owned a tract of about ten acres of land adjacent to appellee's tract, and used same as a dumping ground for dead animals, garbage and refuse of all kinds. The suit was by appellee against appellant. In his petition appellee alleged as follows: "That since the 1st day of January, 1902, and up to and including the present time, the defendant, the City of Paris, dumped and caused to be dumped, and is dumping and causing to be dumped, all manner of offensive garbage, dead animals, waste matter and refuse of all kinds from the streets and residents of said City of Paris, on and near to plaintiff's said land and near his place of residence thereon, by reason of which dumping a very offensive, unhealthy scent was cast onto and over plaintiff's land, into and around his residence, and that noxious vapors and smell therefrom constantly invaded his premises and were wafted over his land, and are still being carried over, on to, around and into his said house, and that same is so noxious and the effluvia so strong and poisonous that it is unsafe, uncomfortable and dangerous to reside on said land, or to use and cultivate it, and renders it unfit for any purpose and almost entirely worthless. Plaintiff further states that his residence is situated about one hundred and fifty yards southwesterly direction from where said dumpage, garbage and filth is dumped, and he says that the air is constantly filled with said vapors arising from said dumpage as above described, and said vapors are wafted into his house to such an extent and so strong and disagreeable as to render his house on his said land and his land unhabitable, and his said land almost valueless and permanently injured, thereby destroying said land and depriving plaintiff of its value. That defendant has permanently established it as it now is for its dumping ground for the purpose of dumping all manner of filth, garbage and dead animals, etc., from the streets and residents of said City of Paris, to remain there forever. Plaintiff's said land is situated and described as follows: (Then follows description of land.) That said land is worth $4,000 without the nuisance above complained of, but is not worth over $500 now by reason of said nuisance as it now is, if that much, and that by reason of said nuisance plaintiff's land has been damaged permanently in the sum of $3,500."

The appeal is from a judgment for the sum of $175, interest and costs, in favor of appellee.

*After stating the case as above.*—Appellant contends that it is not

liable to appellee for damages suffered by him in consequence of the use it made of its land, unless in making such use of same it was guilty of negligence, and insists that the charge of the court was erroneous, in that it authorized the jury to find for appellee in the absence of proof of negligence on its part. That, in disposing of its garbage and refuse, a city acts in its corporate and not in its governmental capacity, and is liable as an individual would be for its act in thereby creating and maintaining a nuisance, seems to be well settled in this State. City of Coleman v. Price, 117 S. W., 905; Ostrom v. City of San Antonio, 94 Texas, 523; City of Galveston v. Posnainsky, 62 Texas, 127; City of Ft. Worth v. Crawford, 74 Texas, 405; City of Sherman v. Langham, 13 S. W., 1042. That an individual, creating and maintaining on his own land such a nuisance as the one complained of, without respect to whether in so doing he had been negligent or not, would be liable to an adjacent owner thereby injured, is clear. Joyce on Nuisances, sec. 167; Frost v. Berkeley Phosphate Co., 42 S. C., 402, 26 L. R. A., 693. Therefore we are of the opinion that the court did not err in the portion of his charge referred to.

The court instructed the jury, in the event they found in appellee's favor, that the measure of his damages would be "the difference in the market value of his premises without the dumping ground and the market value of the premises with the dumping ground established where it is." Appellant insists that the instruction was erroneous, because "the undisputed evidence showed that, if there was any injury to appellee's premises, same was not a permanent injury, but was a temporary injury, which in its very nature would and could be abated at any time." In his pleading appellee did not charge, and the testimony did not show, injury to the land as such. The injury alleged and the injury which the evidence tended to establish was such alone as was caused by noisome smells and poisonous gases emanating from the refuse on the dumping ground and corrupting the air on appellee's premises. The evidence was that the refuse was dumped on the surface of the ground. That it could be removed and the nuisance thereby be abated was established by uncontradicted testimony. There was evidence tending to show that the use made of appellant's land as a place to dump its refuse had decreased as it had extended its sewer system, and would continue to decrease as said system was further extended; and there was also evidence tending to show preparation by appellant to construct an abattoir which would enable it to altogether dispense with the use of the land as a place on which to dump dead animals. From the testimony referred to, which is undisputed by anything in the record, it is clear, we think, that the nuisance and the injury occasioned by it to appellee's property, must be regarded as a temporary and not as a permanent nuisance or injury. In such a case it seems to be well settled that the depreciation in rental value, and not a depreciation in the market value, of property injured must be looked to as the measure of its owner's damages. City of San Antonio v. Mackey, 22 Texas Civ. App., 145; Baugh v. Texas & N. O. Ry. Co., 80 Texas, 59; Cane Belt Ry. Co. v. Ridgeway, 38 Texas Civ. App., 108; McGill v. Pintsch Compressing Co., 118 N. W., 789; Joyce

on Nuisances, sec. 170.  In City of San Antonio v. Mackey, cited above, a case in many respects similar to this one, the court said: "The recovery of damages is sought in this case on the ground that the stenches and odors arising from the deposits of garbage and filth made by the city had rendered the dwelling of the plaintiff untenable, thereby destroying its rental value and causing permanent depreciation in the value of the property by reason of the odors and the reputation as to unhealthfulness acquired therefrom.  It is not alleged that there was any permanent injury to the soil by reason of the deposits, but the claim for damages is made to rest upon the existence of the stench arising from the garbage.  It follows that unless the cause of the odors is of such a nature that it can not be removed, there could be no permanent damage.  There is no evidence that tends to prove that the odors are permanent in their injury. . . . There was no testimony to the effect that the nuisance could not be abated. . . . The testimony clearly established the temporary character of the nuisance, and independent of the testimony, experience and reason would seem to teach that, in the very nature of things, deposits made on or near the surface can be removed. . . . Such being the case presented by the evidence, the depreciation in the market value of the land was not the measure of damages, and the charge presenting that issue to the jury can have no other tendency than that of misleading them. As to a nuisance capable of abatement, the depreciation in the value of the property can have no applicability.  The settled rule of damages in* such cases is the difference in the rental value with and without the nuisance."  And see City of San Antonio v. Mackey, 36 S. W., 760.

For the error in the trial court's instructions to the jury as to the measure of appellee's damages, the judgment will be reversed.  As the cause will be remanded for a new trial, the assignment questioning the sufficiency of the evidence will not be noticed further than to say that if on another trial the pleadings on the part of appellee remain as they are, and there is again an absence of evidence tending to show a permanent injury to his land, the jury should be instructed to return a verdict in favor of appellant.

*Reversed and remanded.*