CITY OF HASKELL v. WEBB.

(Court of Civil Appeals of Texas. Ft. Worth. June 10, 1911. Rehearing Denied Oct. 14, 1911.)

1. MUNICIPAL CORPORATIONS (§ 20*)—AUTHORITY—PRESUMPTIONS.

A city, not shown to be operating under a special charter, is presumed to be subject to Sayles' Ann. Civ. St. 1897, arts. 381–671m, relating to cities and towns; the burden being on it, in a suit against it, to show exemption from the operation of such general laws.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 49, 51; Dec. Dig. § 20.*]

2. MUNICIPAL CORPORATIONS (§ 607*)—DUMPING GROUNDS—RIGHT TO MAINTAIN.

Sayles' Ann. Civ. St. 1897, art. 448, authorizing a city to make all necessary and expedient health regulations, authorizes a dumping ground outside the city limits.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 607.*]

---

**3. MUNICIPAL CORPORATIONS (§ 736*)—DUMPING GROUND AS NUISANCE—LIABILITY.**

A city authorized to maintain a dumping ground is liable for damages to adjoining owners, caused by its maintenance as a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1552; Dec. Dig. § 736.*]

Appeal from District Court, Haskell County; C. C. Higgins, Judge.

Action by K. D. Webb against the City of Haskell. Judgment for plaintiff, and defendant appeals. Affirmed.

H. G. McConnell and Clyde F. Elkins, for appellant. Helton & Murchison and Nelson & Pool, for appellee.

DUNKLIN, J. The city of Haskell has appealed from a judgment in favor of K. D. Webb for damages sustained by the plaintiff, by reason of the maintenance of a dumping ground, constituting a nuisance, situated near the plaintiff's home and about one mile outside the corporate limits of the city.

By numerous assignments of error, but one proposition is presented, namely, that plaintiff failed to plead and prove that the establishment and maintenance of the dumping ground was within the corporate powers of the city; the contention being that the burden was upon the plaintiff to show that such acts on the part of the city were not ultra vires, and that, in the absence of such a showing, the judgment should be reversed.

In his petition, plaintiff alleged that the defendant was a municipal corporation, and that it owned a tract of land adjoining the tract upon which plaintiff resided with his family, and that the defendant maintained a dumping ground upon the tract owned by it, and that the use of the same for that purpose constituted a nuisance, causing annoyance, discomfort, and sickness of plaintiff and his family. The proof showed that the city council ordered and directed the use of its tract of land as a dumping ground, and ordered and directed the city scavenger to deposit thereon all offal from the city, and that such use of the property constituted a nuisance, by reason of which plaintiff sustained the damages which were awarded to him upon the trial.

[1, 2] In the absence of some proof that the appellant was operating under a special charter granted by the Legislature of this state, it must be presumed that it was subject to the statutory provisions of title 18, Sayles' Civil Statutes, relating to cities and towns. By article 448 of that title of the statutes, it is provided that the city council of a city within this state shall have the power "to do all the acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease." Clearly, under that article, the city council of appellant city had the right to establish and maintain the dumping ground in question. If appellant was operating under some special charter granted by the Legislature, by the terms of which it was not subject to the statute applicable to cities and towns generally, and which special charter did not authorize the maintenance of a dumping ground, then it was incumbent upon the appellant to plead and prove the same, and it was not appellee's duty, in order to make out a prima facie case of liability, to anticipate and negative such a defense.

[3] Under the pleadings and the evidence in this case, we think it is clear that the city was liable for the damages which plaintiff sustained, and for which he recovered judgment. Ostrom v. City of San Antonio, 94 Tex. 524, 62 S. W. 909; City of Coleman v. Price, 54 Tex. Civ. App. 39, 117 S. W. 905; City of Paris v. Jenkins, 122 S. W. 411.

We have found no error in the record, and the judgment is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes