Troy Smith, of Tyler, for appellant.

Butler, Price & Maynor, of Tyler, for appellees.

## CITY OF TYLER v. HOUSE et ux.

### No. 4378.

Court of Civil Appeals of Texas. Texarkana.

Oct. 26, 1933.

Rehearing Denied Nov. 2, 1933.

SELLERS, Justice.

The city of Tyler owns 50 acres of land, located about four miles from the city, upon which it constructed a sewage disposal plant in the year 1930. All the waste from the city of Tyler was deposited in this disposal plant. The overflow from this plant drained into Black Fork creek. L. C. House and wife owned a farm of about 250 acres in the vicinity of the plant. The residence of House and wife is only about a quarter of a mile from the plant, and Black Fork creek runs through their farm.

House and wife brought this suit against the city of Tyler to recover damages to them-

selves in the enjoyment of their home, and also damage occasioned to their land as a result of the construction and operation by the city of its sewage disposal plant. The city denied any damage resulted to House and wife by virtue of its disposal plant, and especially alleged that if any damage resulted to them, it was by virtue of waste which drained into Black Fork creek from tourist camps, residences, etc.

There is evidence that filth which was not dissolved in the city's disposal plant would overflow from the plant and flow into Black Fork creek and across plaintiffs' land and that the creek would overflow and spread these waste matters over the plaintiffs' meadow and pastures, rendering the grass and water unfit for stock and causing the water in Black Fork creek to become stagnant and thereby cause a very great excess of mosquitoes and flies. That the flies and mosquitoes as well as the foul odors and gases given off from the plant, as well as the creek in its polluted condition, annoyed plaintiffs at their home to such an extent that it rendered their living there almost unbearable.

The jury's findings on special issues established the following facts: (1) That the operation of the disposal plant under the condition it had been operated during the time in question had materially increased the number of flies and mosquitoes in and about the premises of the plaintiffs; (2) that the disposal plant had materially polluted the atmosphere in and about the plaintiffs' house and premises with offensive stenches and odors; (3) that such conditions have caused plaintiffs material discomfort and annoyance in the occupation and enjoyment of their home and premises; (4) that $1,500 would reasonably and fairly compensate plaintiffs for such material discomfort and annoyance in the occupation and enjoyment of their home to the time of the trial; (5) that the operation of the disposal plant had materially reduced the rental value of plaintiffs' farm; and (6) that the loss in rental value for the time in question was the sum of $1,000. The court upon the jury's verdict rendered judgment for the plaintiffs in the sum of $2,500 to which judgment the defendant excepted and has duly prosecuted this appeal.

■ Appellant by appropriate assignments contends that it was error for the trial court to allow the appellees a recovery against the appellant in the absence of a finding by the jury of negligence on the part of the city in the construction and operation of its disposal plant; and especially was it error since the appellees in their amended petition had alleged such negligence. The assignment must be overruled. We are of the opinion that the adjudicated cases involving this question are such that it may be safely stated as the law in this state that a city is liable in damages to neighboring property owners when it constructs and operates on its premises a sewage disposal plant which gives off offensive odors and gases which pollute the air and produce such discomfort and annoyance as to impair the comfortable enjoyment of such neighboring property by persons of ordinary sensibilities, and this is true irrespective of any question of negligence on the part of the city in the construction and operation of its plant. City of Dallas v. Early et al. (Tex. Civ. App.) 281 S. W. 883, and cases therein cited. Likewise a city will be held liable when it permits the filth and waste from its sewage plant to escape into a stream and be thereby carried and spread upon the lands of another to his injury. City of San Antonio v. Pizzini (Tex. Civ. App.) 58 S. W. 635. We are further of the opinion that when a plaintiff has alleged negligence on the part of a city in the construction and operation of its sewage plant, as was done by the appellees in this case, the court should treat such allegations as surplusage. City of Clarendon v. Betts (Tex. Civ. App.) 174 S. W. 958.

■■ Appellant makes the further point that the court erred in refusing to submit to the jury the issue of whether the condition caused by its disposal plant would cause an annoyance and discomfort to persons of ordinary sensibilities in the enjoyment of their property. We think this issue was uncalled for in this case since every person is presumed to be in possession of ordinary sensibilities until the contrary appears. 10 R. C. L. § 25, p. 879; 22 C. J. § 146, p. 123. And there is no evidence in this case that appellees were otherwise than normal except that H. C. House was partially blind and we do not think this fact could be held to raise the issue that his senses of smell, feeling, and hearing were impaired.

■■ Complaint is made that the evidence does not sufficiently support a recovery to the real estate of appellees since the undisputed proof was to the effect that the land would grow as good crops as it ever did. While this is true, there is evidence that filth and waste from appellant's sewage plant was washed on the pastures and meadows of the appellees in such quantities as to render the grass unfit for stock to eat, and this condition existed until the grass was killed by the frost. This, of course, would render but a temporary injury to the land, and it seems that a temporary injury to land is measured by the reduced rental value of the property since the time complained of. City of Paris v. Jenkins, 57 Tex. Civ. App. 383, 122 S. W. 411.

There are other assignments which we deem without merit and they are overruled.

The judgment of the trial court is affirmed.