## CITY OF LONGVIEW v. STEWART.

No. 4422.

Court of Civil Appeals of Texas. Texarkana.
Dec. 8, 1933.

Rehearing Denied Dec. 14, 1933.

Bramlette & Meredith and James L. Lattimore, all of Longview, for appellant.

W. E. Jones and Shurtleff & Shead, all of Longview, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, J. H. Stewart, as plaintiff, against appellant, city of Longview, as defendant, to recover damages alleged to have been suffered by appellee in the depreciation of the market and rental value of his sixty-nine lots located within and adjacent to the corporate limits of the city of Longview, immediately east of a three-acre tract owned and used by the defendant as a "dumping ground" for all manner of offensive refuse, garbage, dead animals, contents of cesspools, and the like, detailing the manner of its maintenance and describing the obnoxious and poisonous odors and gases emanating therefrom, as constituting a nuisance rendering it unhealthy and dangerous to reside upon plaintiff's lots, thus destroying the value of plaintiff's property in the alleged sum of $200 per lot, and depreciating the rental value of his property in the alleged sum of $500 for the period of time from April 15, 1930, to date of filing suit, April 12, 1932. The case was tried to a jury. In answer to special issues submitted, the jury found: (1) That the dumping ground constituted a nuisance to plaintiff's property; (2) that such nuisance depreciated the rental value of plaintiff's property; and (3) that the amount of such depreciated rental value was the sum of $500. On the findings of the jury judgment was entered in favor of plaintiff, J. H. Stewart, against defendant, city of Longview, for the sum of $500. From an order of the court overruling its motion for new trial the city has appealed, and by proper assignment of error asserts that the trial court erred in refusing its requested special issue No. 2, which would have instructed the jury "that the City of Longview in the operation of its dumping ground does so in its governmental capacity," it being the contention of appellant that: "A municipality operating and maintaining a dumping ground for the benefit of its citizens, without profit or gain being derived therefrom, does so in its governmental capacity, and, therefore, is not liable for the negligence of its employees." The assignment cannot be sustained; for it appears to be well settled in this state that a city, in disposing of its garbage and refuse, acts in its corporate and not in its governmental capacity, and that if a nuisance is created and maintained thereby, it is liable to injured adjacent property owners, without respect to whether in so doing it was negligent or not. City of Paris v. Jenkins, 57 Tex. Civ. App. 383, 122 S. W. 411; City of Coleman v. Price, 54 Tex. Civ. App. 39, 117 S. W. 905; City of Tyler v. House (Tex. Civ. App.) 64 S. W.(2d) 1007.

Appellant further contends that the evidence was insufficient to support the findings of the jury, especially as to the depreciation in rental value of appellee's property. Bearing on this issue appellee testified:

"Q. Did property of this kind have any rental value, was there any demand for property to be leased? A. There was, yes, sir.

"Q. Do you know from your experience what lots of similar kind were worth, their lease value, where they were not located adjacent to dumping ground conducted as this one

was? A. Well, lots of that size were about $5.00 per month rental, as tourist camps, and to people that wanted to lease them. * * *

"Q. Were you able to lease it for any amount in that condition? A. Couldn't lease it at all.

"Q. Did it have any lease value in that condition? A. Not with the dumping ground there, no, sir."

We are of the opinion that the evidence is sufficient to warrant the jury in finding that the depreciation in rental value of plaintiff's property for the time in question amounted to $500. And there was ample evidence in the record supporting the allegations in plaintiff's petition, constituting the dumping ground a nuisance. All of appellant's assignments have been considered, and after careful reading of the record, we are not of the opinion that any of them present error.

The judgment of the trial court is affirmed.