**CITY OF RIVER OAKS, Appellant,**

v.

**William S. MOORE et ux., Appellees.**

No. 15553.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 22, 1954.

Rehearing Denied Nov. 19, 1954.

James E. Whitmore and Horace B. Sessions, Fort Worth, for appellant.

Tilley, Hyder & Law, Barwise, Magoffin & Carrigan, and Thomas D. Magoffin, Fort Worth, for appellees.

RENFRO, Justice.

Appellees William S. Moore and wife sued the City of River Oaks, a municipal corporation. Appellees and the city own adjoining lots in Inspiration Point Addition

to said city. All the lots in the Addition were subject to a building restriction that the lots could be used only for one family residential purposes. Appellant acquired its lot from another than the appellees and erected thereon two water towers to be used in connection with its waterworks facilities.

Appellees, in their third amended original petition, plead the restriction; that they and their predecessors in title knew of the restriction, relied upon it and paid an enhanced price for their property as a result of the restriction; that all the lots in the Addition contained the same restriction (and others not material herein) and that original purchasers and their successors relied upon the restriction and paid enhanced prices therefor; and further that a general plan or scheme for a high-grade residential neighborhood existed; that the appellant, knowing of the restriction, built two large water towers, with a capacity of 500,000 gallons each, and "as a result of such illegal action by the City of River Oaks, the value of plaintiffs' home and lot was very substantially decreased"; and asked for a mandatory injunction to require appellant to remove the water towers and associated facilities from the tract.

In the alternative, appellees plead that the towers constitute a nuisance, in that they have a diameter of 40 to 45 feet and a height of 55 feet, cutting off the view from appellees' home, and the reflection from the towers increases the temperature around ten degrees in appellees' house; that a light on top of the towers shines directly into appellees' bedroom, disturbing them in their rest at night; that the towers frequently overflow, causing a stream of water to fall some 50 feet, highly disturbing and annoying plaintiffs; that gauges and appurtenances attached to the sides of the towers rise and fall against the sides of the towers, creating loud noises, all of which is highly disturbing and annoying to appellees; and concluded the alternative pleading with a prayer for $7,500 for diminished value of the property and $2,500 for the physical and mental discomfort and annoyance caused by the towers.

The case was submitted to the jury on special issues. In answer to issues 1 through 9, the jury found that the original grantor of the tract out of which the Addition in question was formed intended to impose a general plan or scheme limiting the property in question to use for residential purposes; that when the property was platted and dedicated the dedicator intended that such Addition be subject to the general plan or scheme above mentioned; that appellees and their predecessors relied upon the restriction and paid enhanced prices for their property in reliance thereon; that appellees' neighbors likewise purchased lots in said Addition at enhanced prices in reliance upon said restriction; and that when appellant purchased its lots in said Addition a general plan or scheme existed limiting the lots in that Addition for use as residential purposes. In issue No. 10 the jury was asked if there had been any violation of the restriction other than by the City of River Oaks, to which the jury answered, "there have been no other violations." Immediately following issue No. 10, the jury was asked, "Do you find from a preponderance of the evidence that the value of plaintiffs' property was decreased as a result of the construction of the water towers?" The jury answered, "Yes," and in answer to issue No. 12 found such damage to be $6,500. Issue No. 13 then inquired if the existence and operation of the water towers constituted a nuisance to the plaintiffs' property. Contingent on an affirmative answer to issue No. 13, the jury was then asked if plaintiffs had been damaged by reason of physical and mental discomfort and annoyance, to which the jury answered, "Yes"; and, based on an affirmative answer to issue No. 14, the jury was then asked to find the sum of money to which plaintiffs were entitled as a result of such discomfort, etc., to which the jury answered, "$3,500."

The appellant objected to the submission of issues Nos. 1 through 10 for the reason they presented no issue relative to injunc-

tive action prayed for, did not properly present any issue on the amount of damages, and could only serve to prejudice the rights of appellant.

The judgment did not dispose of the prayer for injunction but we gather from the record that the court had previously denied the injunction. The judgment entered allowed plaintiffs; recovery of the amount found by the jury, less a remittitur of $1,000 awarded for annoyance, etc.

Appellant's points can be reduced to two main contentions: first, a municipality cannot be held liable for damages for creating and maintaining a nuisance in the absence of negligence or trespass; or, unless it appears that the municipality acted arbitrarily or capriciously in the location and construction of said facility; second, the court erred in submitting to the jury issues Nos. 1 through 10.

■ The maintenance of a waterworks system for a municipality is a proprietary or corporate function. White v. City of San Antonio, 94 Tex. 313, 60 S.W. 426; City of Wichita Falls v. Lipscomb, Tex.Civ. App., 50 S.W.2d 867, writ refused.

■ A city acting in its corporate capacity is liable as an individual would be for its act in creating and maintaining a nuisance. City of Paris v. Jenkins, 57 Tex. Civ.App. 383, 122 S.W. 411; 31 Tex.Jur., p. 426. Its liability does not depend on negligence but would result from its action creating the nuisance. City of Coleman v. Price, 54 Tex.Civ.App. 39, 117 S.W. 905, writ refused; City of Fort Worth v. Crawford, 64 Tex. 202. The reason for the rule is aptly stated by the Supreme Court in Brewster v. City of Forney, Tex.Com. App., 223 S.W. 175, 176, wherein it is stated: "The Constitution of Texas and the decisions of her courts reveal a zealous regard for the rights of the individual citizen. Not only will they not permit his property to be 'taken' for a public use without compensation, but will not permit it to be damaged unless the citizen is compensated to the extent of such damage. To hold otherwise would be to put upon one citizen a burden which should rest upon the aggregate citizenship, as the direct beneficiary of the public work, the construction and operation of which has damaged the property of one citizen." The above case further holds that if one does an act within itself lawful, which being done in that place necessarily tends to damage another's property, it is a nuisance.

[4] Under the foregoing authorities we think it clear that when a property owner properly pleads and proves that a municipality in its corporate capacity has created or maintains a nuisance as to his property, he is entitled to damages. Stone v. City of Wylie, Tex.Com.App., 34 S.W.2d 842.

We therefore overrule appellant's points concerning appellees' right to recover on the theory of nuisance.

■ We are of the opinion, however, that the appellant's second group of points complaining of the submission of issues Nos. 1 through 10 must be sustained. It is well settled that the law recognizes the right of parties to contract with relation to property as they see fit, provided they do not contravene public policy and their contract is not otherwise illegal, Braswell v. Woods, Tex.Civ.App., 199 S.W.2d 253; Pardo v. Southampton Civic Club, Tex. Civ.App., 239 S.W.2d 141, and that each purchaser has the right to rely upon and enforce restrictions. Curlee v. Walker, 112 Tex. 40, 244 S.W. 497.

■ Such restrictions, however, are not binding on the state or subdivision thereof. Restrictions and deeds to the Addition in question did not militate against the power or authority of the City of River Oaks to take property within the Addition for proper public use. City of Houston v. Wynne, Tex.Civ.App., 279 S.W. 916, writ refused. The court held in the above case that if the city should erect an objectionable building upon the property so taken which would necessarily work injury to the property of the plaintiffs, it might be made to respond

in damages for the injury done whether done in violation of the restrictions or not, but that damage might result from the erection of such public building would not be cause justifying the restraining of the city from taking the property for public use, and further that such covenants, as against the city, are void as against public policy.

█ Since the appellant had a legal right to erect its towers on the lot in question, issues Nos. 1 through 10 had no place in the charge and could only result in prejudice to the appellant. Issue No. 10 pinpointed appellant as the only violator of the restriction and necessarily led the jury to believe that it was illegally or wrongfully on the lot in the first place. This is especially true since the only issue in regard to nuisance was submitted as issue No. 13, which issue in turn was followed by Nos. 14 and 15, both conditioned upon an affirmative answer to No. 13. Issue No. 14 inquired if the nuisance damaged plaintiffs by reason of physical and mental discomfort and annoyance, and No. 15 inquired as to the damages for such physical and mental discomfort and annoyance. We think it inescapable that the jury was of the opinion that only the issues on damages for physical discomfort, etc., were based on nuisance and that in answering Nos. 11 and 12, finding that the towers damaged appellees' property and the amount of damages, the jury was basing its answers on the first ten issues and thought they were dealing with a wrongful entrant on the property as well as a creator or maintainer of a nuisance. It is noteworthy that the jury found within a few hundred dollars of the maximum amount it could have found under the testimony as damages to the realty, and in fact found $1,000 more for physical discomfort, etc., than pleaded for by the appellees.

We are of the opinion the submission of issues Nos. 1 through 10, over the objection of appellant, amounted to such a denial of the rights of appellant as was reasonably calculated to cause and did cause the rendition of an improper verdict and judgment in the case.

The question of liability for damages for physical discomfort, etc., is so closely connected with the question of diminution of value to the realty that the case in its entirety should be reversed and remanded for a new trial.