**Burton MEEKER et al., Appellants,**

v.

**CITY OF KERRVILLE, Appellee.**

No. 12826.

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1955.

Rehearing Granted May 4, 1955.

Motion for Rehearing Overruled June 1, 1955.

496

Robert I. Wilson, Kerrville, G. Woodson Morris, San Antonio, for appellant.

Jim W. Weatherby, Kerrville, for appellee.

POPE, Justice.

This is an appeal from an instructed verdict against appellants, Burton Meeker and Franklin W. Meeker, who sued for damages to their property caused by the erection and operation of a sewer plant by the City of Kerrville. Appellants undertook to prove that the noxious odors from the plant damaged their adjoining 125 acres of land which is potential suburban residence property. The suit is not grounded on negligence. See Bennett v. Brown County Water Imp. Dist. No. 1, Tex., 272 S.W.2d 498; Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70; Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565; Bexar Metropolitan Water District v. Kuntscher, Tex.Civ.App., 274 S.W.2d 121.

Appellants sued on the theory that the defendant City is operating a nuisance. Brewster v. City of Forney, 223 S.W. 175, by the Commission of Appeals, held that a municipality may be liable in damages by reason of the operation of a sewage plant which constituted a nuisance. Other authorities are to the same effect. City of Houston v. Shilling, Tex.Civ.App., 235 S.W.2d 929, affirmed on different grounds, 150 Tex. 387, 240 S.W.2d 1010, 26 A.L.R.2d 935; City of Ft. Worth v. Crawford, 64 Tex. 202; Id., 74 Tex. 404, 12 S.W. 52;

City of Ft. Worth v. Wiggins, Tex.Com. App., 5 S.W.2d 761; Bates v. City of Houston, Tex.Civ.App., 189 S.W.2d 17; City of Temple v. Mitchell, Tex.Civ.App., 180 S.W.2d 959; 30 Tex.Jur., Municipal Corporations, § 296.

Since appellee has filed no brief, we shall accept as true all facts stated by appellants in their brief and shall render judgment in conformity with those facts. Rule 419, Texas Rules of Civil Procedure; Van Pelt v. McCabe, Tex.Civ.App., 236 S.W.2d 685. On the basis of the facts asserted in appellants' brief, the intensity and frequency of the odors emanating from the sewage plant substantially damaged the appellants' property. The case should have been submitted to the jury.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

City of Kerrville, by its motion for rehearing, calls our attention to the fact that appellants failed to furnish a copy of their brief, as required by Rule 414. The motion for rehearing also urges that, even though appellants may have proved the existence of a nuisance, they failed to prove any depreciation in the value of their land. As indicated in our original opinion, this is not a suit in equity to abate a nuisance, but an action for damages. The proof shows that some kind of a disposal plant has been situated at the present site since 1926. The expert on land values, called by appellants, testified that appellants' land has slight value for subdivision purposes; that the presence of the disposal plant had depressed the land values since 1926. No diminution in market value was proved, and for that reason we sustain the motion for rehearing and affirm the judgment of the trial court. Rosenthal v. Taylor, B. & H. Ry. Co., 79 Tex. 325, 15 S.W. 268; 31 Tex.Jur., Nuisances, § 48.

Motion for rehearing granted, and judgment affirmed.