CITY OF NEW ALBANY v. SLIDER.

[No. 2,696.    Filed January 10, 1899.]

MUNICIPAL CORPORATIONS.—*Nuisance.*—A municipal corporation is liable in damages for maintaining a nuisance the same as an individual. *pp. 393, 394.*

NUISANCE.—*Public Nuisance May Become a Private Nuisance.*—A public nuisance may become a private nuisance by inflicting upon a particular individual some special or peculiar damage. *p. 394.*

SAME.—*Municipal Corporations.*—The fact that plaintiff was a resident of the city, and the city committed the acts complained of in an effort to keep its streets clean for the benefit of the public, will not destroy his right to maintain an action for damages against such city for creating a nuisance. *pp. 394, 395.*

SAME.—*Damages.*—*Contributory Negligence.*—The fact that plaintiff deposited garbage and filth upon a street which created bad odors and noxious vapors will not relieve the city from liability for depositing garbage and filth near plaintiff's premises of such a nature as to produce sickness, where it was shown that odors arising from the garbage deposited by plaintiff was not the cause of his sickness of which he complained. *pp. 395, 396.*

INSTRUCTIONS.—*Joint Assignment of Error.*—*New Trial.*—Where the action of the court in refusing to give instructions was presented by a joint assignment in the motion for a new trial, no error was committed in overruling the motion if either of the instructions was properly refused. *p. 397.*

From the Floyd Circuit Court. *Affirmed.*

*George H. Hester*, for appellant.

*Kelso & Kelso*, for appellee.

ROBINSON, J.—In appellee's complaint he alleges that he is the owner, and, with his family, is in possession, of a house and lot in the city of New Albany, as a residence; that the city has caused to be depos-

ited large quantities of garbage, rubbish and filth, gathered off its public ways, near to the premises of appellee, thereby creating a nuisance consisting of a huge pile of decomposed and decaying vegetable and animal matter, from which noxious vapors, disagreeable and unhealthy odors are generated and emitted, whereby the air in and about the premises of appellee was impregnated, injuring appellee's health, and causing him and his family to become diseased and sick, destroying the comfortable enjoyment of said premises, and greatly depreciating the value thereof, to appellee's damage. The sufficiency of the complaint is questioned by the first and second assignments of error.

It is argued that, in the collection of garbage and removing it from its streets and alleys, the city was exercising the authority conferred upon it by the legislature; that in exercising such powers the city stood in the place of the State; and that, as the State assumes no responsibility in the discharge of its governmental duties, the city, as a branch department of the State, likewise assumes no liability in the discharge of such duties. This argument resolves itself into the question whether a city can create an actionable nuisance. Our statute defining special causes of action says: "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." Section 290, Burns' R. S. 1894 (289, Horner's R. S. 1897). "Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance." Section 291, Burns' R. S. 1894 (290, Horner's R. S. 1897). The rule seems to be well recognized

that a municipal corporation is liable for torts, the same as an individual, in certain classes of cases, among which are included nuisances. Thus in 2 Addison Torts (Dudley & Baylies' ed.), p. 1315, it is said: "A municipal corporation has no more right to maintain a nuisance than an individual would have, and for a nuisance maintained upon its property, the same liability attaches against a city, as to an individual." This rule was recognized as correct in *Haag* v. *Board, etc.,* 60 Ind. 511. See 2 Hilliard Torts, (4th ed.), 387, 388; *Stein* v. *City of Lafayette*, 6 Ind. App. 414; *City of Valparaiso* v. *Moffitt*, 12 Ind. App. 250.

It is further argued that the complaint is defective because it seeks private redress for a public nuisance. It may be true, the complaint describes a public nuisance, but it also contains allegations showing special injury to appellee. The statute in such cases gives any one where property is injuriously affected, or where personal enjoyment is lessened, a right of action. The averments of the complaint as set out above are sufficiently full to show an injury personal to appellee. A public nuisance may become a private nuisance by inflicting upon a particular individual some special or peculiar damage.

The third error assigned is overruling appellant's motion for judgment on the interrogatories notwithstanding the general verdict. The fact that, as shown by the answers to the interrogatories, the city committed the acts complained of in an effort to keep its streets clean for the benefit of the public, does not destroy appellee's right to redress because he is one of the public for whose benefit the work was done. Clearing the city's streets may have been a proper exercise of power delegated by the State to the municipality, but, under the authorities above cited, this did not give it the right to create a nuisance. A city has ex-

clusive power over streets within the corporate limits, and the cleaning of its streets, when duly exercised, cannot be controlled by the courts. In such work, if unavoidable injury results, no liability ensues, because the doing of what the law authorizes cannot be a nuisance so as to give a right of action. But collecting garbage and filth from the streets and depositing it in a mass upon some other street, may create a nuisance; and, if it does, the city must respond in damages.

It is further argued that the answers to the interrogatories show that appellee was guilty of such contributory negligence as would bar his recovery. There is nothing in the answers which shows that appellee in any way contributed to establishing and maintaining the particular nuisance complained of. It is true the jury find that appellee deposited garbage and filth upon another street and another place, and that this filth aided in causing and creating bad odors and noxious vapors in and around the street, and that such odors were of such a nature as to produce sickness, but that it was not the chief cause of the sickness of appellee and family. It is not shown that these deposits by appellee interfered with the comfortable enjoyment by appellee and his family of his home and premises, or lessened its rental value, but that the odors from the deposits by the city did. The general verdict of the jury for $50 may have been based upon these alone. Besides, where a person contributes to a nuisance, and his acts alone might not amount to a nuisance, he may be chargeable therewith, although others contribute thereto. In such cases, if the combined effect is to produce an actionable injury, an action may be maintained against each of the parties contributing. It is always competent to show that others contributed to the wrong,

not for the purpose of defeating the action, but in mitigation of damages. The commission of a wrongful act is not excused by the fact that others contributed to it. Taking all the answers to the interrogatories, and construing them together, we do not find such an irreconcilable conflict with the general verdict as would warrant a judgment on the interrogatories notwithstanding the general verdict.

The fourth error assigned is overruling appellant's motion for a new trial. The third cause for a new trial is, "The court erred in refusing instructions numbered seven, eight and nine asked by defendant." It is argued that these instructions should have been given, because they correctly state the law relative to the measure of damages. ·The court fully instructed the jury upon that question in the instructions given, to which appellant has offered no objections in his brief. Besides, when the action of the court in refusing to give instructions is presented as above, if it appears that either one of the instructions asked was properly refused, no error was committed. *Ohio, etc., R. Co.* v. *McCartney*, 121 Ind. 385; *Douglass* v. *State*, 18 Ind. App. 289; *Mock* v. *City of Muncie*, 9 Ind. App. 536; *Sutherlin* v. *State*, 108 Ind. 389; *Grant* v. *Westfall*, 57 Ind. 121.

There was no error in refusing to give the eighth instruction requested, which told the jury, in substance, that if the evidence showed that appellant created the nuisance, and that appellee did not contribute to the same, and that the nuisance had been removed, and does not now exist, then the jury could not consider the effect it had on the value of appellee's property while it existed, and he could not recover.

The fourth cause for a new trial was modifying the eleventh instruction requested by appellant, and giving the same as modified. The modification made by

the court was adding to the instruction a statement, the legal effect of which is that, where two persons contribute to a wrong, either may be held liable. Under the authorities above cited, this modification was not error.

The fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth errors assigned question the action of the court in giving certain instructions and refusing to give certain instructions requested by appellant. The rule is well settled that these assignments present no question for review. They should be stated as causes in a motion for a new trial, but cannot be assigned as independent errors. *Baecher* v. *State, ex rel.,* 19 Ind. App. 100, and cases there cited.

The fifteenth and sixteenth errors assigned question the court's action in sustaining the demurrer to the third and fourth paragraphs of answer. It is stated by appellant's counsel, in his brief, that these answers set up the fact that the acts resulting in a nuisance were done by the city under its statutory and police power, for which appellant is not liable. What we have already said in discussing the complaint applies to these answers, and it is not necessary to repeat what was there said. There is no error in the record, and the judgment is affirmed.