## CITY OF NEW ALBANY *v.* ARMSTRONG.

[No. 2,647.  Filed March 8, 1899.]

MUNICIPAL CORPORATIONS.—*Nuisance.—Complaint.*—A cause of action is stated by a complaint alleging that a city deposited large quantities of decomposing vegetable matter near plaintiff's residence, thereby creating a nuisance by which offensive and noxious vapors and odors were generated and emitted, causing plaintiff's children to become sick and diseased, and rendering her premises valueless and unfit for a place of residence. *pp. 16-18.*

City of New Albany *v.* Armstrong.

MUNICIPAL CORPORATIONS.—*Nuisance.*— *Special Verdict.*— In an action against a city for maintaining a nuisance near plaintiff's residence, the plaintiff bases her right of recovery upon damages resulting from the sickness of her children, ·money expended by her for medical attention for her children, and for damages to her property. A special verdict found that the sickness of plaintiff's children was not caused by the nuisance of which she complained; that the market value of the property was not decreased, as the nuisance had been abated before the trial of the case; that the rental value of the premises was decreased from twenty-five to fifty per cent.; and that the jury did not know what the rental value of the property was before or during the existence of the nuisance. *Held,* that a judgment for plaintiff was not upheld by the special verdict. *pp. 18-21.*

From the Clark Circuit Court. *Reversed.*

*G. H. Hester, G. H. Voigt* and *E. B. Stotsenberg,* for appellant.

*Kelso & Kelso,* for appellee.

WILEY, J.—Appellee sued appellant to recover damages for creating and maintaining a nuisance. The complaint is in one paragraph, and it is alleged that appellee is the owner of a house and lot on Ayer street, between Elm and lower Spring streets, in the city of New Albany, and that she occupies, and has for ten years last past occupied the same as a residence; that she resided there with her husband and three children until August 6, 1896; that on January 1, 1896, and divers days before and since, said city deposited and caused to be deposited large quantities of putrid, decomposed, and decomposing vegetable and animal matter at and near the intersection of lower Second and Elm streets, thereby creating a nuisance from and by which offensive and noxious vapors and odors were generated and emitted, whereby the air in and about and around said premises of appellee became and was infected with poisonous matter, and rendered unwholesome; that her three children became sick, and were still diseased from said poisonous and impure air; that she has been compelled to expend, and did expend,

over $200 for medical attention and medicines, in the attempt to cure her husband and children; that her said premises have been rendered valueless, and unfit for a place of residence, by reason of said nuisance, and all to her damage, etc. .

To this complaint appellant demurred for want of facts, and defect of parties plaintiff; and the demurrer was overruled. Appellant then moved the court to strike out all that part of the complaint relating to the sickness of appellee's children, and the allegation that she was compelled to, and did, expend $200 in the attempt to cure her children and husband. This motion was overruled. Appellant also moved that the complaint be made more specific, which motion was likewise overruled.

Appellee answered in four paragraphs, but as no question is presented arising upon the answer, we need not here refer to it further. The issues were closed by a reply in general denial to the second, third, and fourth paragraphs of answer. A trial by jury resulted in a general verdict for appellee, and with the general verdict the jury answered interrogatories. Appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, was overruled, and judgment was rendered for appellee.

In appellant's assignment of errors there are twenty-seven specifications, but the second, and from the seventh to the twenty-seventh, inclusive, do not present any question for review. The first and fourth specifications challenge the sufficiency of the complaint, and may be considered jointly. The third calls in question the action of the court in overruling the motion to make the complaint more specific; the fifth, that the court erred in overruling appellant's motion for judgment; and sixth, that the court erred in overruling the motion for a new trial. We will consider these alleged errors in the order in which appellant's counsel have discussed them. First, as to the sufficiency of the complaint:

The complaint in all of its essential averments is identical with the complaint in the case of *City of New Albany* v. *Slider*, 21 Ind. App. 392, and upon the authority of that case, and to the decision of which we still adhere, we must hold the complaint before us good, and that there was no error in overruling the demurrer to it.  True there are some averments in the complaint we are now considering that were not in the Slider case, viz.: That appellee was compelled to, and did, expend a large sum of money in an attempt to cure her children and husband from the sickness alleged to be caused by the nuisance complained of, and that her children were still sick therefrom.  But if these were improper averments, yet they would not make the complaint bad, if the remaining averments were sufficient in law. That a party may maintain an action for damages to her property, resulting from a nuisance, there seems to be no doubt, and as the averments of the complaint show such damage, it is sufficient.  See *City of New Albany* v. *Slider*, *supra*, and cases there cited.

Appellant's motion to require appellee to make her complaint more specific and the ruling thereon are brought into the record by bill of exceptions, and are, therefore, properly before us for consideration.  Appellant's learned counsel have not cited any authority in support of their argument that it was error to overrule the motion to make the complaint more specific, and the argument has failed to convince us that such ruling was erroneous.  This conclusion makes it unnecessary for us to lengthen the opinion by setting out the reasons or grounds of the motion, or to discuss them.

Counsel next discuss the fifth assignment of error, to wit: The overruling of appellant's motion for judgment on the answers to interrogatories.  Before proceeding to examine the facts specially found, it is important to recur again to the complaint, to ascertain upon what grounds appellee seeks to recover damages growing out of the alleged nuisance.  If

City of New Albany v. Armstrong.

we properly construe and fully comprehend the scope of the complaint, appellee bases her right of recovery upon three distinct propositions: (1) For the sickness of her three children, which sickness was caused by said nuisance; (2) for money expended by her for medicine and medical attention furnished and rendered her children and her husband; (3) for damages to her residence and property resulting from said nuisance. As these are the only elements of damages alleged, appellee must recover for them, or not at all. Turning now to the interrogatories, we find that the facts specially found establish, beyond question, the creation and maintenance of the nuisance charged, and we need not set out the facts in detail relating thereto.

The jury further found that the foul and offensive odors from the decaying matter deposited near appellee's residence were calculated to produce sickness; that appellee's husband and children were sick during the summer of 1896; that appellee paid for medical attention for her children certain sums of money; that the foul and offensive odors, etc., rendered appellee's home uncomfortable and unpleasant; that the rental value of her property was decreased twenty-five to fifty per cent., by reason of the "garbage pile and odors therefrom;" that the market value of said property was not decreased, etc; that appellee's husband and children, during the summer of 1896, were sick with typhoid fever; that decaying animal and vegetable matter does not produce typhoid fever; that appellee's family did not become infected with typhoid fever from the effects of any material deposited as charged; that there was a large tract of low marshy land adjacent to and near the location where said animal and vegetable matter had been deposited, which emitted bad odors and smells; that the depreciation of the value of real estate was caused by depression in business, and hard times; that the doctor who attended appellee's husband and children in their sickness charged his account for such services to appellee's husband, and did not make any charge against

her. As to what the rental value of appellee's premises was in 1894, and in 1896, when the nuisance complained of was in existence, the jury answered that they did not know. We have searched the record in vain to find any evidence from which the jury could have found the rental value of appellee's premises, before, during, or after, the abatement of the nuisance. There is evidence in the record from which the jury could have reached the conclusion that the rental value had been decreased by the creation and existence of the nuisance, but there is no evidence from which the difference in the rental value could have been determined, and hence there was no evidence upon which to base a verdict and judgment for damages to appellee's property occasioned by the nuisance.

From the answers to interrogatories, and from the undisputed evidence, it was shown that there was no permanent injury to her property resulting from the nuisance, for it appears that the nuisance was abated before the trial of the case. Hence, under the complaint, which asks for damages to her property, the only recovery therefor must be the depreciation in the rental value during the continuance of the nuisance. Under the averments of the complaint, appellee cannot recover for any physical discomfort, inconveniences, or annoyance arising from the nuisance, for the simple reason that no such damages are claimed in the complaint. A plaintiff cannot recover beyond the allegations of his complaint, and must recover, if at all, within the limits of his allegations. This principle is so elementary and well settled that the citation of authorities is unnecessary.

The jury in this case specifically found that the sickness of appellee's children was not caused by the nuisance of which she complains; and it follows that, if this was an element of damages for which she could recover, she wholly failed to prove the allegations of her complaint, and therefore cannot recover. She averred in her complaint that the cause of the sickness of her children was the noxious and

City of New Albany *v.* Armstrong.

poisonous fumes, vapors, etc., arising from the decaying matter deposited near her home, and upon this point the jury found against her. If she could recover for money expended, and liability incurred for medicine and medical attention furnished to and bestowed upon her children and husband, if their sickness had resulted from the nuisance, she cannot recover, under the facts found, and the evidence, for we have seen that such sickness was not caused by the nuisance. So upon the first two elements of damages claimed, viz.: (1) Sickness of her children, and, (2) for medicine and medical attention for her children and husband, she has wholly failed to make a case. As to the third element of damages, viz.: Injury to her property, she was entitled to recover both under the answers to interrogatories and the evidence, but neither furnished any basis for fixing or measuring the damages. The jury specially found that the rental value of appellee's property was decreased by the nuisance from twenty-five to fifty per cent., but neither the answers to interrogatories nor the evidence shows what the rental value was before or during the existence of the nuisance.

The general verdict fixed appellee's damages at $200, and judgment was rendered for that amount. From the facts found, and the evidence as a whole, we are unable to understand how the judgment can be upheld. Appellant urges that there should be a reversal, and that we should direct the court below to render judgment in its favor upon the answers to interrogatories. If we were to follow the authorities strictly, we might very properly close this opinion with such a mandate, but, looking to the entire record, we believe that the ends of justice will be best subserved by a new trial.

The judgment is therefore reversed, with instructions to the court below to sustain appellant's motion for a new trial.