## CITY OF STEPHENVILLE v. W. E. BOWER AND WIFE.

### Decided May 17, 1902.

1.—Municipal Corporation—Nuisance—Deposit of Garbage.

Where a nuisance is created by the act of the city scavenger in depositing garbage near a residence, it is immaterial, as to the city's liability for damages caused by the nuisance, that the city did not own or control the land made a dumping ground for the garbage, or that the city had an ordinance for such deposits.

2.—Same—Evidence—Negligence.

Evidence of deposits of garbage by the city scavenger, made near a residence frequently and extending through many months and years, will warrant a finding that the deposits were made by authority of the city and that it was guilty of negligence.

Appeal from Erath. Tried below before Hon. W. J. Oxford.

*Parker, Carlton & Carter,* for appellant.

*Daniel & Keith,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellees recovered $500 as damages for personal discomfort and expenses incident to sickness in the family, all resulting from a nuisance created near their residence in the city of Stephenville.

The evidence tended to show and warranted the jury in finding that appellant's city scavenger, who was intrusted by the city with the removal of dead animals, garbage, and other filth, negligently and repeatedly deposited the same near the residence of appellees on the land of a nonresident, instead of on the dumping ground provided by the city

beyond its corporate limits, to the great annoyance and discomfort of appellees, and to their damage in the sum allowed by the jury.

Merely because the land thus made the practical dumping ground of the city was not under the control and did not belong to the city was immaterial, and the court did not err in refusing the special instructions of which complaint is made in the first and second assignments of error.

We find nothing in the record making it necessary to give the charge requested as to the effect of the nonenforcement by the city of its penal ordinances, and the third assignment is consequently overruled.

The seventeenth assignment is too general, and we sustain appellees' objections to it.

The only remaining assignment, the sixth, complains of the verdict and judgment upon the ground that the evidence showed that the offensive deposits were not made or authorized by the city or by any of its officers or agents. But it, too, must be overruled. As already seen, the evidence warranted the finding that the deposits were made by the city scavenger, to which we may add that, in view of the length of time during which the deposits were made—running through many months and even years—and the frequency and quantity of such deposits, the finding was warranted that appellant itself was guilty of negligence in the premises.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.