## CITY OF NEWCASTLE *v.* HARVEY ET AL.

[No. 8,015. Filed October 16, 1913.]

1. WATERS AND WATERCOURSES.—*Pollution.—Action.—Complaint.—Requisites.*—A complaint for damages and to enjoin the pollution of plaintiffs' fish pond, caused by dumping garbage where it polluted the stream which fed the pond, must aver that at or prior to the bringing of the suit defendants allowed or permitted the refuse to wrongfully, negligently or carelessly escape from the dumping ground to plaintiffs' injury.  p. 245.

2. WATERS AND WATERCOURSES.—*Pollution.—Action.—Complaint.—Sufficiency.*—In an action for damages and to enjoin the pollution of plaintiffs' fish pond by dumping garbage where it polluted the stream which fed the pond, a complaint alleging that defendant carelessly, negligently and unlawfully deposited and permitted garbage to be deposited and to remain in a place where the same would wash and drain into a stream which fed plaintiffs' pond, and negligently, carelessly and wrongfully deposited the same without providing for retaining the same at the place where it was so deposited, or for preventing its washing into such stream and pond, and negligently, carelessly and unlawfully permitted said garbage to wash and drain into such stream, sufficiently alleges that defendants were careless and negligent in allowing garbage to remain where it would and could be washed into such stream, and is good against demurrer.  p. 245.

3. APPEAL.— *Review.— Instructions.— Refusal.—* Where the complaint was sufficient, a requested instruction that in effect would tell the jury that the complaint does not state a cause of action, and thus operate as a peremptory instruction, was properly refused. p. 246.

4. MUNICIPAL CORPORATIONS.—*Liability for Nuisance.—*Although a town or city may in the exercise of its governmental functions provide a suitable place in which to deposit its garbage, it may not deposit same in a careless and negligent manner so as to cause a nuisance, or negligently permit the same to escape upon the lands of another to his damage, since it has no more right to maintain a nuisance than an individual would have and is subject to liability therefor the same as an individual. p. 246.

5. WATERS AND WATERCOURSES.— *Pollution.— Rights of Nonriparian Proprietors.—*If a nonriparian owner diverts or takes from a stream the water thereof, he takes the current as he finds it, and if the same is foul or contains impurities, he is charged with knowledge thereof and cannot recover on account of any damage to himself or property by reason of impurities therein. p. 247.

6. APPEAL.—*Review.—Refusal of Instructions.—Failure to Conform to Evidence.—*Where there was no evidence to support instructions requested, or from which the jury might even infer the facts upon which they were based, their refusal was proper. p. 247.

From Henry Circuit Court; *Eugene H. Bundy,* Special Judge.

Action by Mahlon D. Harvey and another against the City of Newcastle and another. From a judgment for plaintiffs, the defendant city appeals. *Affirmed.*

*Mark E. Forkner, George D. Forkner, William O. Barnard* and *William E. Jeffrey,* for appellant.

*Frank E. Beach* and *Fred C. Gause,* for appellees.

IBACH, J.—This suit as originally filed proceeded against the town of Newcastle and Joseph M. Brown. During the pendency of the suit in the Henry Circuit Court the town of Newcastle became a city in manner provided by law, and the plaintiffs filed their amended and supplemental complaint wherein they sought to recover damages of the defendants for the alleged pollution of plaintiffs' fish pond, caused by defendants dumping garbage where it polluted the

stream which fed the pond, and to restrain and enjoin further damage of the same. Separate demurrers to the complaint by each defendant were overruled. Answers in general denial completed the issues. There was a jury trial, verdict and judgment for appellees for $400, and the court perpetually enjoined appellant from polluting the water of appellees' fish pond by permitting any offal or poisonous substances to wash or be drained from off the dump ground described in the complaint.

It is insisted that the complaint is insufficient because it is not alleged that at or prior to the bringing of the suit, appellant allowed or permitted the refuse deposited on the dumping ground to wrongfully, negligently or carelessly escape therefrom to the injury of appellees. It will be conceded that such averments are essential to a good complaint in cases of this character, but the amended complaint is clear and certain in this regard, for it is alleged that "defendants negligently, carelessly and unlawfully deposited and permitted to be deposited on said real estate said garbage, trash and offal, * * * and on the side of said hill where the same would wash and drain into said stream which feeds said pond and negligently, carelessly and unlawfully deposited the same at the time and place in the manner aforesaid without making any provision for retaining the same at the place where it was so deposited, or preventing the same from washing into the said stream and pond, and negligently, carelessly and unlawfully permitted said garbage to be and remain on said real estate in the manner above alleged, where the same could and would be washed into said stream." It is further alleged in the supplemental complaint that "since the bringing of this suit said defendants have negligently, carelessly and unlawfully permitted said garbage, trash and offal to wash and drain into said pond in the manner aforesaid." These statements clearly show that defendants were careless and negligent in allowing poisonous substances and offal to

drain off from the dumping ground into the pond. There is no merit in the contention that the complaint is insufficient to withstand demurrer.

The second point raised by appellant is that the court erred in refusing to give instructions Nos. 2, 3 and 4 at its request. Instruction No. 2 is as follows: "If the defendant, town, now city of Newcastle leased of the defendant Joseph M. Brown a portion of his farm for a dumping ground for garbage and other refuse and offensive matter accumulating in said town or city, such town or city had the legal right to deposit such garbage and refuse matter on such ground and the doing so alone would not render them liable to the plaintiff. They could be made liable only for negligently allowing such refuse matter to wash and escape into the stream. The complaint does not aver any such cause of action, and you should find for the defendants."

3. We have seen that the complaint states a good cause of action upon the theory of negligence in permitting offal and pollution to escape from the dumping ground into the stream and pond. But this instruction would tell the jury that the complaint does not state such a cause of action, and is in effect a peremptory instruction to find for the defendants. It was properly refused.

4. As appellant contends, the town of Newcastle was charged with the duty of preserving the health of its citizens, and was within the bounds of its governmental functions when it provided a suitable place in which to deposit its garbage. But while it has such authority, it may not deposit garbage at such place in a careless and negligent manner, causing a nuisance, nor may it negligently permit the garbage and offal properly deposited, to escape upon the lands of another to his damage. *City of New Albany* v. *Slider* (1899), 21 Ind. App. 392, 52 N. E. 626, and cases there cited. A municipal corporation has no more right to maintain a nuisance than an individual would have, and for a nuisance maintained upon its property, the same liability

attaches against a city as to an individual.   2 Addison, Torts (Dudley & Baylies ed.) 1315; 2 Hilliard, Torts (4th ed.). 387, 388.

Finally appellant cites authority to the effect that a non-riparian owner does not possess the same rights as a riparian owner to .divert or take from the water of a stream, 5. or to have the same flow pure and unpolluted, and if a nonriparian owner diverts or takes from a stream the water thereof, he takes the current as he finds it, 6. and if the same is foul or contains impurities, he is charged with the knowledge thereof, and he can not recover on account of any damage done him or his property by reason of such impurities.   Therefore appellant insists that instructions Nos. 3 and 4 should have been given, which were based on the theory that the channel of the stream had been changed by consent of the parties when a railroad embankment was erected across appellees' land, and that afterwards appellees had parted with all their lands upon that side of the embankment from which the waters flowed, and thus were not entitled to assert any rights against appellant. Appellant's contention as to the abstract proposition of law stated above is correct and well supported by authority. But the evidence in this case would make the giving of the requested instructions erroneous.   There is no evidence even tending to show that appellees or any one else had changed the course of the stream affected by the drainage from the dump, or that they had parted with their riparian rights, as to it.   The evidence upon this point is that the course was never changed, that the natural flow of the water continued across the lands of the railroad company and appellees, that an artificial ditch was cut north of the railroad to carry the overflow water in times of heavy rains, while the natural stream continued through a culvert in the embankment, that although appellees had conveyed certain lands to the north of the embankment, they had expressly reserved the rights to the stream and the water.   Since there was no

evidence to support these instructions and no evidence upon which the jury might even infer that facts existed in this case such as those upon which they were based, there was no error in refusing them. Judgment affirmed.

NOTE.—Reported in 102 N. E. 878. See, also, under (1) 40 Cyc. 600, 602; (4) 40 Cyc. 595; (5) 40 Cyc. 593. As to pollution of waters by municipal corporations, see 84 Am. St. 918, 924. On the question of pollution of water as a nuisance to fishery, see 39 L. R. A. 589. For injury to fishing rights as damages from pollution of water, see 33 L. R. A. (N. S.) 74. As to the right of a municipality to create nuisance by pollution at a point where its sewers discharge, see 20 L. R. A. (N. S.) 1050. On the prescriptive right of a municipality to pollute streams with sewage or other harmful substance, see 25 L. R. A. (N. S.) 589. On the question of the right of a municipal corporation to drain sewage into waters, see 48 L. R. A. 691; 61 L. R. A. 694. As to the lability of a municipality for injuries resulting from the maintenance of dumping grounds, see 11 Ann. Cas. 189.