[No. 12993.   Department One.   October 11, 1916.]

GEORGE JACOBS et al., *Appellants*, v. THE CITY OF SEATTLE, *Respondent*.[1]

APPEAL—RECORD—SUFFICIENCY. The opening statement of counsel, containing admissions on which the defendants had first moved for judgment, is immaterial, and need not be brought up on appeal, where defendants were allowed to withdraw their answer and file a demurrer to the complaint, which was sustained and the action dismissed.

EMINENT DOMAIN—TAKING OR "DAMAGING" OF PRIVATE PROPERTY— COMPENSATION—GARBAGE PLANTS. The erection and maintenance by a city of an incinerator for the burning of garbage on land adjacent to that of a private owner in such manner as to depreciate the value of his land and render it a menace to health, constitutes a "damaging of private property for a public use," within Const., art. 1, § 16, forbidding such damaging without first making compensation therefor, when the damage did not result from any negligence of the city, even though the operation of such a plant is a proper governmental function granted by legislative act.

SAME—"DAMAGING PROPERTY" — MUNICIPAL CORPORATIONS — NUISANCE—LIABILITY FOR NEGLIGENCE. Rem. 1915 Code, § 8005, authorizing the installation of plants for the disposal of garbage and Id., § 8311, providing that nothing done or maintained under the express authority of statute can be deemed a nuisance, does not defeat recovery for damaging private property without just compensation by the erection and maintenance of a garbage plant, although the city is not liable on the theory of tort for negligent operation in such manner as to create a nuisance.

Appeal from a judgment of the superior court for King county, Humphries, J., entered April 3, 1915, upon sustaining a demurrer to the complaint, dismissing an action in tort, tried to the court and a jury.   Reversed.

*Jay C. Allen*, for appellants.

*James E. Bradford* and *William B. Allison*, for respondent.

FULLERTON, J.—This is an action by George Jacobs and Theresa Jacobs, his wife, against the city of Seattle for dam-

[1]Reported in 160 Pac. 299.

ages to their residence property by reason of the construction and operation on an adjoining lot of an incinerator for the purpose of burning and destroying city garbage. The appeal is based upon the alleged error of the court in sustaining a demurrer to the complaint, and in entering judgment dismissing the action on plaintiffs' refusal to amend.

The respondent interposes a motion to dismiss the appeal because the record does not disclose the opening statement made by counsel for appellants. This is thought to be material because of the admissions therein contained on which the respondent moved for judgment. It appears, however, that the respondent had answered to the complaint, and on the court's intimation that a demurrer to the complaint would be the better method of attack, the respondent obtained leave to withdraw the answer and file a demurrer to the complaint. It is sufficient answer to the motion to dismiss to say that the preliminary proceedings were merged in the final attack presented by way of demurrer, and that the appeal is from the order of the court on the demurrer. The record is ample for the presentation of the sufficiency of the complaint, which is the sole question before us. The motion is denied.

The complaint, for a first cause of action, alleged that appellants are the owners of lot 3, block 4, McNaught's Third addition to the city of Seattle, Washington; that respondent, prior to the 5th day of May, 1913, installed upon property abutting and adjoining appellants' lot on the south an incinerator for the purpose of burning up and disposing of the garbage and refuse of the respondent city, which are brought to said incinerator from different portions of the city in open wagons; that the wagons pass alongside of appellants' property and frequently stand along its east line; that such wagons give forth noxious odors and are disgusting and sickening to the sight and senses; that said refuse and garbage are burned in said incinerator, by reason of which smoke, steam and vapors arise and permeate the air, noxious to the smell and other senses, which said odors are sickening, dis-

gusting and unbearable, and tend to, and will, cause sickness and disease to those forced to smell and inhale the same; that, from such incinerated garbage and refuse, ashes and unburnt portions are carried out and dumped in close proximity to appellants' home; that the said refuse is composed mainly of decomposed and partly burned matter, which emits strong, disagreeable and noxious odors, detrimental to the health, peace and comfort of appellants and of any one living or being upon appellants' property; that, during the process of incineration, a large amount of cinders and ashes is carried up into the air and precipitated upon the property of appellants, covering appellants' home and yard and surrounding property; that by reason of the operation of said incinerator, flies congregate in great numbers upon and about appellants' home and in and about their house and other houses which they have upon said property, thereby breeding disease and filth and rendering the occupancy of appellants' property disagreeable to the senses and dangerous to health; that respondent maintains an inclined roadway leading from said incinerator and alongside of appellants' property, which is unsightly and unseemly, and which lessens the value of their property; that at no time has respondent ever condemned the property of appellants, nor brought suit to fix the damage thereto, because of the erection, maintenance and operation of said incinerator, but has installed same without paying, or having first fixed and ascertained by a jury, the damages to appellants; that by reason of the facts and conduct and uses aforesaid, appellants have been greatly damaged, and the value of their property has been, and is constantly being, lessened, and will permanently continue to be lessened, to their damage in the sum of $7,000.

For a second cause of action, it is alleged that the incinerator is negligently and carelessly maintained; that it constitutes a nuisance; that by reason of its maintenance large quantities of garbage, rubbish, refuse and trash are carried to, and burned in, said incinerator, causing a large amount

of cinders, ashes, and dust, disagreeable and noxious odors, stench and gases to arise therefrom and permeate the atmosphere in the vicinity of appellants' premises to such an extent as to be a menace and danger to the health of appellants and to persons occupying their property; that respondent carelessly causes and permits a large amount of ashes, cinders and debris and partially burned animal matter to accumulate around said incinerator, and to be blown and carried over appellants' property, causing it to be covered with cinders, ashes and dust; that respondent has built an inclined roadway alongside appellants' property, leading from the ground up into said incinerator, over which is being hauled garbage, refuse, ashes and debris, from which noxious and vexatious odors arise, and which is unsightly and detrimental to the property of appellants; that appellants have upon their property three houses for rental purposes, from which they might derive an income, but that they are untenanted and uninhabitable, and appellants are, and will, be unable to derive any income therefrom; that said damage is a continuing one, and the value of their property has been greatly injured, lessened and destroyed. They further allege that, on May 5, 1913, within thirty days after said damages first accrued, they presented their claims in writing to the respondent city, and again on April 2, 1914, presented a further and additional claim, both of which the city disallowed. Appellants demanded judgment for $7,000.

The first cause of action is based upon the guaranty of art. 1, § 16, of the state constitution, which provides that no property shall be taken or damaged for public or private use without just compensation. The second cause of action is based upon the negligent operation of the incinerator plant in a manner which causes it to be a nuisance. Respondent's attack on the sufficiency of the complaint is founded on its contention that the city in the disposal of garbage is discharging a governmental as distinguished from a corporate duty, and hence would not be liable for resulting damages of

any character. The only question for determination is, Does the complaint state a cause of action on either count?

It may be conceded that the construction and operation of an incinerator by the city of Seattle for the disposal of garbage was a lawful exercise of municipal power under the delegation of authority granted by virtue of state legislation. But the lawfulness of the power would not warrant its exercise in such a way as to breach any constitutional guaranty for the protection of the citizen. The disposal of garbage may be a proper governmental function, granted by legislative enactment; but, conceding it to be so, the function must be exercised with due regard to constitutional limitations. Our constitution (art. 1, § 16) explicitly provides that private property shall not be damaged for public use "without just compensation having been first made, or paid into court for the owner." The complaint in this case sets forth the injury to the property of appellants arising from the erection, maintenance and operation of respondent's plant for the disposal of garbage on land adjoining that of the appellants, and "that at no time has said city ever condemned plaintiffs' property nor has it ever brought any suit to establish or fix the damage to plaintiffs' property because of the erection, maintenance and operation of said incinerator, but said city has, without paying to plaintiffs, or having first fixed and ascertained by a jury, plaintiffs' damage," so installed and operated said incinerator as to menace and depreciate the value of their property. The complaint does not seek to charge negligence of the respondent or its employees in the performance of governmental duties, in which case the municipality might be absolved from liability. The first cause of action is founded on the higher ground of the taking or injury to property without just compensation. The authorities sustain the right of recovery in such cases.

The case of *Hines v. Rocky Mount*, 162 N. C. 409, 78 S. E. 510, Ann. Cas. 1915A 132, L. R. A. 1915C 751, which was an action involving the disposal of garbage, after con-

ceding the rule of nonliability of municipalities for negligence in the performance of governmental duties, said:

"This general principle is subject to the limitation that neither a municipal corporation nor other governmental agency is allowed to establish and maintain a nuisance, causing appreciable damage to the property of a private owner, without being liable for it. To the extent of the damage done to such property, it is regarded and dealt with as a taking or appropriation of the property, and it is well understood that such an interference with the rights of ownership may not be made or authorized except on compensation first made pursuant to the law of the land."

In *Louisville v. Hehemann*, 161 Ky. 523, 171 S. W. 165, L. R. A. 1915C 747, another garbage case, which concedes the nonliability for the negligence of city employees, it is said:

"But there is an element of wrong complained of in this case which goes beyond that. Conceding that a city dump is necessary for the public good, and that Cabel street was the proper place for it, still the city had no right to take or injure adjacent private property or the occupants in the use thereof without making compensation."

In *Kobbe v. New Brighton*, 20 Misc. Rep. 477, 45 N. Y. Supp. 777, a garbage incinerator case, it is said:

"The constitutional prohibitions against depriving any person of his property without due process of law, or without just compensation, may be violated without the physical taking of property. They extend to every act which injuriously affects property rights. . . . If, therefore, it be true that such a cremator as this statute authorizes is, like a pesthouse, necessarily offensive, and a direct injury to neighboring real property, though conducted in the most careful and scientific manner, the authorization of it by the legislature without providing for compensation for such injury, could not legalize it as against individuals thus damaged in their property."

See, also, *Thurston v. St. Joseph*, 51 Mo. 510, 11 Am. Rep. 463; *McLaughlin v. Hope*, 107 Ark. 442, 155 S. W. 910, 47 L. R. A. (N. S.) 137.

The Federal constitution and many of the state constitutions are without provision respecting the necessity of compensation for the "damaging" of private property by means of a public use; the constitutional inhibition extending only to the "taking" of private property without compensation. But the courts in the most of those states, however, hold that such an injury as in the case at bar is a "taking" of private property, and apply the same principle of necessity of compensation. We cite a number of them, most of them involving an injury to property arising from the disposal of sewage by municipalities. See: *Pumpelly v. Green Bay Co.,* 80 U. S. 166; *Seifert v. Brooklyn,* 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664; *Sammons v. Gloversville,* 175 N. Y. 346, 67 N. E. 622; *Platt Bros. & Co. v. Waterbury,* 72 Conn. 531, 45 Atl. 154, 77 Am. St. 335, 48 L. R. A. 691; *Attorney General v. Grand Rapids,* 175 Mich. 503, 141 N. W. 890, Ann. Cas. 1915 A 968, 50 L. R. A. (N. S.) 473; *Donnell v. Greensboro,* 164 N. C. 330, 80 S. E. 377; *Parrish v. Town of Yorkville,* 96 S. C. 24, 79 S. E. 635, L. R. A. 1915A 282.

From the foregoing authorities it is clear that the erection and maintenance by a city of an incinerator for the burning of garbage on land adjacent to that of a private owner, and its operation so as to depreciate the value of his land and render it a menace to the health of himself and family, constitutes a damaging of private property for a public use, for which he would be entitled to compensation under the terms of Const., art. 1, § 16. The allegations in the first count of appellants' complaint set forth facts sufficient to bring it within the operation of this principle, and therefore state a cause of action as against a general demurrer.

Respecting appellants' second cause of action, we are of the opinion that the demurrer thereto was properly sustained. This cause is based on the theory of the negligent operation of the garbage plant in such a manner as to create a nuisance. There is a respectable line of authorities permitting the right of recovery in such cases. See: *Fort Worth v. Crawford,*

74 Tex. 404, 12 S. W. 52, 15 Am. St. 840; *Stephenville v. Bower*, 29 Tex. Civ. App. 384, 68 S. W. 833; *Haskell v. Webb* (Tex. Civ. App.), 140 S. W. 127; *New Albany v. Slider*, 21 Ind. App. 392, 52 N. E. 626; *Newcastle v. Harvey*, 54 Ind. App. 243, 102 N. E. 878; *Hines v. Nevada*, 150 Iowa 620, 130 N. W. 181, 32 L. R. A. (N. S.) 797; *Brayton v. Fall River*, 113 Mass. 218, 18 Am. Rep. 470.

We think, however, under the statutes of this state, the proper theory of recovery is set forth in appellants' first cause of action. The two causes of action in reality seek the same damages for the same injury, and to uphold one cause necessarily excludes the other.

The installation of plants for the disposal of garbage is authorized by Rem. 1915 Code, § 8005. The code also provides:

"Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." Rem. 1915 Code, § 8311.

The construction of a garbage incinerator being authorized by law, its maintenance in a proper manner and place would not constitute a nuisance in a legal sense. But such a conclusion does not defeat appellants' right of recovery for the damaging of his property without just compensation. The denial of the right to recover damages for an injury on the theory of its constituting a tort, such as is the basis of the second cause of action, does not militate against the right of recovery for a taking or damaging of property for a public use without compensation. The principle upon which we rest appellants' right of recovery is well expressed in *Platt Bros. & Co. v. Waterbury*, 72 Conn. 531, 45 Atl. 154, 77 Am. St. 335, 48 L. R. A. 691, as follows:

"But if, for the purpose of this case, we concede the defendant's claim that the use is a governmental use, it is nevertheless liable to the plaintiff. The injury described by the complaint is not a mere consequential damage, like that resulting wholly from the lawful use of one's own property, or

the lawful exercise of governmental power; it is a direct appropriation of well recognized property rights within the guaranty of the constitution.  .  .  .   Public necessity may justify the taking, but cannot justify the taking without compensation.  .  .  .   The mandate of the constitution is intended to express a universally accepted principle of justice, and should receive a construction in accordance with that principle, broad enough to enable the court to protect every person in the rights of property thus secured by fundamental law."

The judgment sustaining the demurrer is reversed as to the first cause of action, and the cause remanded with leave to the defendant to answer.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.