**BATES v. CITY OF HOUSTON.**

**No. 11720.**

Court of Civil Appeals of Texas. Galveston.

July 19, 1945.

Rehearing Denied Aug. 1, 1945.

18.

Mandell & Wright, of Houston, for appellant.

Lewis W. Cutrer, City Atty., and George W. Eddy, 1st Asst. City Atty., both of Houston, for appellee.

CODY, Justice.

The court below sustained certain special exceptions to plaintiff's petition, and, when he declined further to amend, ordered his petition dismissed; from such action plaintiff has appealed.

The substance of plaintiff's allegations were:

That he is the owner of certain specified premises within the City of Houston, upon which there were certain improvements, which were located across the street from, and immediately south of a lot owned by defendant City, and on which defendant operated a municipal dump and incinerator and where it disposed of garbage, which had been collected for the purpose, by burning it.

That, if there were a wind blowing from the north, the incinerator was so operated that burning papers and other waste material would be blown upon plaintiff's lot, creating a dangerous condition. That on numerous occasions plaintiff and his wife had been compelled to extinguish burning material, which had been blown from the city's incinerator, to prevent the improvements on plaintiff's lot from being burned.

That on February 13, 1943, a strong wind was blowing from the north, and defendant city, acting through its employees, operated a large fire in its incinerator, and many times during said day plaintiff and his wife had been compelled to extinguish burning trash, which was blown from the incinerator upon their property, to prevent the improvements, consisting of their home, etc., from being burned. But in the afternoon the burning waste matter blown from the incinerator ignited the improvements on plaintiff's lot, and burned down his home and the other improvements thereon situated, together with the household furniture and automobile.

That the damages resulting to plaintiff were proximately caused by the negligence of defendant, its officers and employees, in various specified particulars, including that of maintaining the fire in the incinerator so as to constitute a nuisance endangering the property of plaintiff and others living in the vicinity.

That the conditions, facts and circumstances as to the operation of the incinerator were known to defendant, its officers, agents, etc.

The plaintiff alleged also that the damage to and destruction of his property was in violation of Article I, Section 17, of the State Constitution.

Defendant urged, among others, these two special exceptions:

"I. Defendant specially excepts to plaintiff's petition for the reason that it has failed to plead that the plaintiff has complied with the provisions of Article IX, Section 11, of the Charter of the City of Houston, which provides as follows:

"'Sec. 11. Notice of Claim against city for damages:—Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of property injured or destroyed, or some one in his behalf, shall give the mayor and city council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the mayor and city council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to affect or repeal Section 12 of Article IX of this Charter. (As amended, 1913)'

"In order that plaintiff may assert any cause of action for injuries to property, it is necessary that the petition set forth the facts concerning the filing of the proper notice as aforesaid.

"Of which special exception, defendant prays judgment of the Court.

"II. Without waiving the foregoing exception, but insisting upon the same, the defendant further excepts to plaintiff's petition because said petition shows upon its

face that this defendant is a municipal corporation and that acts complained of, if any, which are not admitted but expressly denied, were done in the discharge of a governmental function which absolves defendant from any liability. Defendant shows the Court that it is compelled under its Charter and under the State Laws, to collect and dispose of trash, garbage and other waste material in the interest of public health, and it must do so free of charge to the general public, and in doing so, it is exercising a governmental function."

The court sustained said two special exceptions. Other special exceptions were also sustained, but they related only to form and are not here important.

### Opinion.

■ It is well settled that Section 11, Article IX, of the Charter of the City of Houston, requiring the notice of a claim against the city for damages as a condition precedent to a right of action thereon, is valid; and furthermore, that such notice was given must be affirmatively alleged in a suit on such claim. Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701; City of Dallas v. Shows, Tex. Com.App., 212 S.W. 633. Such charter provision, however, does not apply to a suit on a claim against the city for the taking, damaging, or destroying private property for public use. Section 17, Article I, (Bill of Rights), Texas Constitution Vernon's Ann.St.; City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577.

Plaintiff has attempted to plead his cause of action so that the aforesaid charter provision will not apply to it. He has alleged as a legal conclusion that the destruction of his home was a damaging or destruction of it by the city for public use within the meaning of Section 17, Article I, of the Constitution. There is a very respectable line of authorities which holds that damage to property resulting from a nuisance caused by the negligent operation of a city dump or garbage disposal plant is a taking, damaging or destruction within the meaning of the constitution. (Such provision is in the constitutions of most of the states.) City of Louisville v. Hehemann, 161 Ky. 523, 171 S.W. 165, L.R.A.1915C, 747; Jacobs v. City of Seattle, 93 Wash. 171, 160 P. 299, L.R.A.1917B, 329. The courts so holding, also hold that the collection and disposition of garbage is a governmental function; so that the city is not liable for the

negligence of its employees engaged in such service. It seems obvious that the courts so holding feel that it is unjust that a city should escape liability at common law (as they construe common law to be) under such circumstances, and resort to the constitutional guarantee as the means of holding a city liable. Language is used in the City of Louisville case, supra, to the effect that a city is liable, under the constitutional provision, for injuries which result to property from the negligence of the employees in the discharge of public duties. 171 S.W. at page 166. This is to hold that the rule that respondeat superior does not apply to the State is repealed by the constitutional provision, though doubtless the context would limit the holding so that it applies only to injuries resulting from the maintenance of a garbage dump as a nuisance in fact.

■ It is the settled law of Texas that a city is liable for the damages resulting from a nuisance caused by the negligent operation of its garbage dump. City of Ft. Worth v. Crawford, 74 Tex. 404, 12 S.W. 52, 15 Am.St.Rep. 840; Ostrom v. San Antonio, 94 Tex. 523, 524, 62 S.W. 909; City of Coleman v. Price, 54 Tex.Civ.App. 39, 117 S.W. 905, writ denied; City of Stephenville v. Bower, 29 Tex.Civ.App. 384, 68 S.W. 833; Paris v. Jenkins, 57 Tex.Civ.App. 383, 122 S.W. 411. It is nowhere intimated in any of the Texas cases that such liability is imposed on a city by Section 17, Article I, of the Constitution. To the contrary, it is clear the liability is based on a common law tort, whereas the constitutional guarantee of adequate compensation for the taking or damaging of property for public use applies only where it is done in the exercise of lawful authority. State v. Hale, 136 Tex. 29, 146 S.W.2d 731. See 136 Texas at pages 36, 37.

■■ It is true that such liability first became the settled rule of decision at a time when the Supreme Court held that the collection and disposition of garbage was a corporate and not a governmental function. Ostrom v. San Antonio, supra. Indeed, such holding seems to have been the ground assigned for holding a city liable. Id. When it became settled in Texas that the collection and disposition of garbage is a governmental function, nevertheless it was recognized that the operation of a garbage dump so as to be a nuisance in fact was not a governmental function but

that the city was liable therefor, as theretofore held by the courts of Texas. City of Ft. Worth v. George, Tex.Civ.App., 108 S.W.2d 929, 935, 936, writ denied. Where negligence reaches the level that it becomes the maintenance of a nuisance it becomes a tort different in character from mere negligence. See 39 Am.Jur. 282. A city doubtless owes the same duty with reference to property of which it is proprietor, as does any other proprietor, namely, not to maintain a nuisance thereon. In brief, the maintenance of a nuisance upon its land, or land under its control, by a city's employees, is a proprietary and not a governmental function, and for the damages resulting therefrom the city is liable as for tort, and not for a damaging of private property for public use in the exercise of lawful authority.

■ There is a grave question of whether the plaintiff has really alleged a nuisance as the proximate cause of his damages. He alleged a nuisance in general terms, it is true, but when he descended to particulars, to the particular acts of the city's employees which caused his home to be burned down, he expressly alleged what the negligent acts of said employees were that caused his damages, and that they were done on the 13th day of February, 1943. However, he did allege formally a nuisance, and that it caused a diminution in the value of his property, though it was alleged with reference to what such value was before and after the fire. For present purposes we have assumed that he has alleged a nuisance in due form as the proximate cause of his damages, and, so assuming, we hold that he failed to allege a right to compensation for the damaging of his property for public use within the meaning of the constitution. The most that he can be taken to have alleged is a cause of action for the maintenance of a nuisance which proximately destroyed his house, automobile, etc., on the 13th day of February, 1943. To recover for such damages we have seen that he was required as a condition precedent to the city's liability to give the city the prescribed notice within ninety days, and that it was incumbent on him to have alleged that he had duly given such notice.

■ It is to be borne in mind that the giving of the prescribed notice is a condition precedent to the city's liability, and is in no sense a statute of limitations. In the ordinary case the maintenance of a nuisance is a continuing tort so that, for practical purposes, the charter notice would be immaterial because, when a petition charging such tort was excepted to on the ground that the prescribed notice had not been given, the plaintiff could thereafter take leave to amend, give the prescribed notice, then plead that the prescribed notice had been given.

The action of the trial court in sustaining the city's first special exception, and dismissing the suit was correct. We will not further extend the length of this opinion by formally ruling upon the action sustaining the second special exception. Said special exception is to the effect that plaintiff's petition failed to state a cause of action on the merits. Since the petition was correctly dismissed upon the first special exception, the ruling on the merits is not reached. The judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

■ The right of a city to maintain and operate a garbage disposal plant upon any particular lot or parcel of land necessarily depends upon the proprietary rights of the city in such land. In being upon said land to operate such plant the city's employees are neither trespassers nor mere licensees, but act in virtue of and in the exercise of the city's proprietary rights therein, as city employees. If a city's employees in the course of their employment so exercise the proprietary rights of a city in land as to maintain a nuisance thereon, the city is liable for the damages proximately caused thereby, because in its proprietary capacity the rule of respondeat superior applies to a city. It follows that any damaging or destroying of the property of a lot owner, proximately resulting from the tortuous maintenance of a nuisance by city employees upon city-owned or -controlled land, is not a damaging or destroying of private property for public use within the meaning of Section 17, Article 1, State Constitution. A city can condemn or damage private property for public use only when it acts as an arm of the State, not in its proprietary capacity. See Keller v. Corpus Christi, 50 Tex. 614, 32 Am.Rep. 613; Gainesville, H. & W. Ry. Co. v. Hall, 78 Tex. 169, 173, 14 S.W. 259, 9 L.R.A. 298, 22 Am.St.Rep. 42.

The motion for rehearing is refused.

Refused.