## WEBER v. TEXAS HIGHWAY DEPARTMENT.

### No. 12019.

Court of Civil Appeals of Texas. Galveston.
Nov. 4, 1948.

Rehearing Denied Dec. 9, 1948.

F. A. Collins and Bracewell & Tunks, all of Houston, for appellant.

Price Daniel, Atty. Gen., and Charles E. Crenshaw, Asst. Atty. Gen., for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit, edited only in immaterial particulars, is conceded by both parties to be correct:

"This case was tried before the 129th Judicial District Court, without a jury. The appellant was the plaintiff below and instituted suit, after permission was granted by the Legislature for him to sue appellee, defendant below.

"On or about August 23, 1945, appellant, S. J. Weber, was the lessee of a tract of land near the City of Houston, adjoining the Houston-Alvin highway, maintained by the Texas Highway Department. At such time, appellant was the owner of a hay-crop then growing upon said land, which hay was almost ready for harvest. On or about August 23, 1945, appellee, through its agents, servants and employees, while engaged in the maintenance of said highway, burned the grass along the shoulders of the highway in the vicinity of the leased premises. The fires set by the agents, servants, and employees of said appellee along the shoulders of the highway spread onto the hay-crop then owned by appellant, destroying a substantial portion of the crop.

"The above facts were undisputed, the majority of them being stipulated by the parties through their attorneys of record. Other than the stipulation, there was no

evidence on the trial of the cause, except the testimony of appellant and his son. The trial court filed its findings-of-fact, containing the above facts, and also the fact that appellant was damaged in the amount of Six Thousand Five Hundred ($6,500.00) Dollars, together with interest at the rate of Six (6%) per cent per annum, from August 23, 1945. The trial court further found that the damage to appellant's hay-crop must necessarily have resulted from some negligent act, or omission, of the employees of appellee, and that the same was not authorized by the State, nor did it benefit or aid it in the execution of any work-project of the State of Texas.

"The trial court concluded, as a matter of law, that, under appellant's pleadings, the damages could not have resulted except from some unauthorized act or omission, which constituted negligence, and that, because the damage was necessarily the result of negligence, there was no taking, damaging, or destroying, within the meaning of Article 1, Section 17, of the Constitution of the State of Texas, Vernon's Ann.St.

"Recovery was refused by the trial court and judgment entered denying recovery to appellant."

This Court is of the opinion that the trial court erred in the two conclusions of law its judgment rested upon, the italicizing having been added here, to-wit:

"1. I conclude, as a matter of law, *that under the pleadings of the Plaintiff,* the damage to Plaintiff could not have resulted except from some act or omission which constituted negligence and which was not an authorized act or omission of the employees of the defendant.

"2. I conclude, as a matter of law, that plaintiff's property was not taken, damaged, or destroyed, or applied to public use, within the meaning of Art. I, Sec. 17, of the Constitution of the State of Texas."

This for the reason that appellant neither tendered in his pleading nor supporting evidence thereunder, any cause-of-action grounded upon any acts of alleged negligence on the appellee's part, but to the contrary, declared his right to recover to follow alone from the direct violation of Section 17, Article I, of the State Constitution by the appellee, further averring that such wrongful acts constituted the proximate cause of the destruction of his crop.

A careful reading of his pleading, it is thought, can lead to no other conclusion; indeed, counsel for the appellee so conceded in the oral argument during the submission of the cause to this Court.

Since the construction of the pleadings was for the Court alone—the ensuing evidence having nothing whatever to do with it—the character of the suit must, in consequence, be held to have been one in no sense based upon negligence, or, as it is put in the appellee's brief here: "From the allegations in plaintiff's Petition, it is plainly manifest that the manner in which the Appellant is seeking to cast that liability under said Section and Article is on the basis of an action sounding in tort."

It is evident that the trial court held the same view, and likewise misconstrued the appellant's pleading, as is manifest from its quoted first conclusion-of-law.

It seems clear to this Court, therefore, that, since appellant neither predicated his action upon negligence, nor alleged nor tendered proof of any, the only remaining inquiry is whether or not such burning of the grass upon the shoulders of the highway by the appellee, closely abutting upon appellant's hay-crop, the fires from which the trial court found as a fact did cross over to and burn up appellant's grass also, constituted the proximate cause of his loss. That result would seem to have been the only reasonable, if not the inevitable inference from the facts otherwise shown, the controlling ones of which are recited in the court's findings.

With the cause itself being, on both the pleadings and the evidence, thus isolated, direct authority on what is regarded as its' legal equivalent, even in Texas, is not found to be lacking. Our holdings are these: Section 17 of Article I of the Constitution of the State of Texas; Brewster v. City of Fourney, Tex.Com.App., 223 S.W. 175; State v. Hale, 136 Tex. 29, 146 S.W.2d 731; State v. Malone, Tex.Civ.

App., 168 S.W.2d 292, error refused; Jefferson County Drainage District No. 6 v. Langham, 124 Tex. 167, 76 S.W.2d 484, 485; Hidalgo County Water Improvement District No. 2 v. Holderbaum, Tex.Com. App., 11 S.W.2d 506.

The appellee's counter-authorities, such as its first and last-cited ones, to-wit: Bates v. City of Houston, Tex.Civ.App., 189 S.W.2d 17, Writ Ref. W. M., and 29 C.J.S., Eminent Domain, Sec. 161, p. 1029, since they are—when compared to the different kind of case here—based alone, as to both pleading and proof, on negligence, that is, do so "sound in tort," have no relevancy to this appeal.

Moreover, the Bates case, which was decided by this Court, has no bearing upon this one, for another reason: it had to do with the operation of a garbage-disposal-plant by the City of Houston, which was acting in its proprietary and not governmental function in that instance, pursuant to the City's Charter, which required the plaintiff in that kind of an action in tort against the City to first give it notice of his claim.

■ Whereas, in this kind of cause, it is well settled that such maintenance of the State's highways as the appellee was engaged in, as an agency of the State at the time of this fire, was a governmental function. Brooks v. State, Tex.Civ.App., 68 S.W.2d 534, writ refused; Martin v. State, Tex.Civ.App., 88 S.W.2d 131, writ refused.

There was, therefore, in this instance, no lack of the intentional performance of acts in the exercise of lawful authority by the Highway Commission when it burned this grass on the shoulders of the State highway in direct joinder with the appellant's grass, the proximate result of which was that it too burned, as thus set out in the trial court's eighth finding-of-fact, to-wit:

"8. That the fire set by the Defendant in burning the grass along the shoulders of such highway spread onto and burned 340 acres of plaintiff's hay crop located upon the land described in Paragraph 3 above."

Wherefore, the rule upon that feature, as stated by the Supreme Court in State v. Hale, supra, 136 Tex. 29, 146 S.W.2d, page 731, was fully met here; because it is not thinkable—in order for that rule to apply—that the State must have intentionally burned the hay-crop on appellant's land. If the appellee was shown to have intentionally burned the grass on the shoulders of the highway, which was lawful in its nature, but from which the burning of appellant's adjoining grass also proximately resulted, the constitutional provision applied.

■ It is concluded that, under the facts in this cause, appellant's hay-crop was shown to have been destroyed as a proximate result of the intentional performance of a lawful act on the part of the appellee Highway-department; further that, since the undisputed evidence and the court's unquestioned findings show that appellant suffered consequential damages in the sum of $6,500, with interest thereon at the rate of six (6%) per annum from August 23, 1945, until paid, the trial court's judgment will be reversed, and judgment will be here rendered in favor of the appellant against the appellee for the sum so prayed for by him below.

Reversed and rendered.